In the Matter of the Accounting of HENRY K. BLAKE, as Executor of IDA J. BLAKE, Deceased Trustee, et al., as Trustees under a Deed of Trust Made by IDA J. BLAKE.

Supreme Court, Special Term, New York County, April 29, 1955.

*Libby F. Jessup* for trustees, petitioners.

McNALLY, J. In this application for an order to show cause for a trust accounting pursuant to article 79 of the Civil Practice Act, the questions to be determined are, to whom, and in what manner, and when, notice of the proceeding shall be given. Issues as to the validity of the trust and its final construction may be determined when all the necessary parties are before the court.

The precise question here is whether or not the persons having dual interests of presumptive income beneficiaries-remaindermen may represent subsequent contingent income-remainder interests. The petitioners, in a memorandum submitted herewith, contend that since the prior estate is " the same interest " as the subsequent estate, the present persons who would take the subsequent estate are not necessary parties pursuant to subdivision (b) of section 1311 of the Civil Practice Act. This contention ignores the heading of the section viz. " *Representation in case of remainder to a class.*"

The implications inherent in permitting prior income beneficiaries to represent subsequent interests of any kind preclude such an interpretation in the absence of clear legislative intent, and then would certainly evoke broader considerations.

At common law all persons in being who had any interest in the trust estate would be necessary parties in an action involving a trust. (*Hess* v. *Hess,* 233 N. Y. 164.) An intention of making an innovation in a long-established rule of law is not imported to the Legislature in the absence of a clear manifestation of such an intention. This rule has even greater validity in cases where property rights and jurisdictional questions are concerned. (*Seligman* v. *Friedlander,* 199 N. Y. 373, affg. 138 App. Div. 784, motion for reargument denied, 200 N. Y. 505.)

The pattern of article 79 of the Civil Practice Act is clear. By section 1308 it requires a petition setting forth the names of the persons interested in the subject matter, upon which an order to show cause shall issue. Section 1309 requires the court to prescribe the time and place when the order shall be returnable, and grants discretion as to the manner of service. Section 1311 of the Civil Practice Act, including the headnote, was recommended by the Judicial Council and enacted into law in its entirety. (Ninth Annual Report of N. Y. Judicial Council, 1943, p. 311; L. 1943, ch. 611.) The heading of a statute should not be disregarded in its interpretation. (General Construction Law, § 81; *Broderick* v. *Wiensier,* 253 App. Div. 213, affd. 278 N. Y. 419.) " ' These headings or inscriptions are not titles of the acts in the sense which brings them within the rule that the

title of an act cannot control the words contained in the body of the statute, but are rather parts of the statute itself limiting and defining its effect ' ''. (*People ex rel. Watson* v. *Lamphier,* 104 Misc. 622, 625; *Matter of Kellum,* 6 Lans. 1; *People* v. *Molyneux,* 40 N. Y. 113.) Section 1311 permits the court, in some circumstances, to allow certain remaindermen to represent all present and future members of a class of contingent remaindermen. It does not, however, permit income beneficiaries to represent subsequent estates.

Pursuant to rule 44 of the Rules of Civil Practice, a suitable person to receive service on behalf of the infant contingent beneficiaries-remaindermen, will be designated. However, upon application of the attorney for petitioners, the application may be withdrawn.