S. Samuel Di Falco, S.
In this accounting by the trustees, the daughter of the testator is the income beneficiary of one trust and his son is the income beneficiary of the other. Bach income beneficiary has a power to appoint the remainder of his or her trust, and the will says that in default of appointment, the property “ shall be distributed among his or her successors according to the Intestacy Law of the State of New York.” The petition lists the spouse and the children of the respective income beneficiaries as interested persons to whom process is not required to issue under SCPA 315.
SCPA 2210 (subd. 9) requires that in an accounting by trustees, process issue “to all persons who are entitled absolutely or contingently by the terms of the will * * * to share in the estate.” The spouse and children of each income beneficiary would be entitled to share in the trust estate in the event that the income beneficiary fails to exercise the power of appointment, and they are thus contingently entitled to property under the terms of the will. Section 2210 requires that they be served with process.
Nothing in SCPA 315 dispenses with service of process to these persons. They are interested only in the corpus of the trust, and the party who is to be served (i.e., the income beneficiary) is interested only in the income. They thus do not have “the same interest” and they are not members of the same class. Paragraph (a) of subdivision 2 of section 315 does not dispense with service upon these persons. The spouse and children of the respective income beneficiaries are persons who take in default of the exercise of the power of appointment and are not ‘ ‘ potential appointees ’ ’, and they therefore do not come within paragraph (b) of subdivision 2 of section 315. Inasmuch as there is no dispensation from service of process under section 315, the terms of section 2210 must be observed.
The court therefore holds that process must issue to those who take in default of the exercise of the power of appointment.