Morris Aarons, S.
Executors are accounting. The testator’s will established a residuary trust with the income therefrom payable to his widow during her lifetime. Following the widow’s death the trust income will be payable to the testator’s son with one half of the trust principal payable to him upon his attaining age 35 and the balance of principal payable to him at age 45. In the event the son shall predecease his mother or shall die prior to attaining age 45 the trust principal will he payable to other persons among whom are infants who have contingent remainder interests. The question presented is whether such infant contingent remaindermen are necessary parties to this proceeding to settle the account of the executors or, in the alternative, the son may represent the infants pursuant to SCPA 315 (suhd. 3).
If the virtual representation statute (SCPA 315) applies the estate will he saved the expenses of serving citations and payment of the compensation of a guardian ad litem representing the infants.
*493 The son has interests as a contingent income beneficiary and as a contingent remainderman. The infants are contingent remaindermen only. SOPA 315 (snbd. 3) referring to “Representation of contingent remaindermen ’ ’ provides: ‘ ‘ Where an interest in the estate has been limited to a person who is a party to the proceeding and the same interest has been further limited upon the happening of a future event to any other person it shall not be necessary to serve such other person.”
SOPA 315 (subd. 5) reads: “ Notwithstanding the foregoing, if the court deems that the representation of a person’s interest is or may be inadequate it may require that he be served.”
There are decisions under section 1311 of the Civil Practice Act, the genesis of SCPA 315, interpreting the expression “ the same interest ” as requiring that the person to whom the prior limitation is made in the trust instrument have the identical legal and factual interest under the trust instrument as the person to whom the further limitation is made. It has been held that to establish such identity the interest of one person under the trust instrument must be neither more nor less than the interest of another (Matter of Childs, 129 N. Y. S. 2d 830; Matter of Blake, 208 Misc. 22). Thus it was held in Childs (supra) that a person having a contingent secondary income interest as well as a right to principal contingent upon attainment of a stated age could not represent contingent remaindermen who would take in the event the secondary income beneficiary failed to attain the required age. The court stated that although the secondary income beneficiary had no present interest in income at the time of the trust accounting, his contingent right to future income placed him in a position antagonistic to that of the substitutionary remaindermen whose interest was in the trust principal. This decision recognized that at the time of the accounting proceeding the secondary income beneficiary had no present interest in income but the court relied upon the fact that an antagonism existed under the terms of the trust and the court held this fact to be controlling.
So also in Blake (supra) it was held that a person having dual interests could not represent another having but a single interest. The holding was that the virtual representation statute applied only to persons in the same class irrespective of whether or not an actual conflict of interest existed in the proceeding. The court referred to the heading of the section of the Civil Practice Act which read “ Representation in case of remainder to a class ”.
Matter of Fuller (57 Misc 2d 174) was concerned with the applicability of SCPA 315 in a probate proceeding. In that *494 estate the testator’s will created a trust which was adversely affected by a codicil. Surrogate Silverman held that grandchildren having contingent beneficial interests in both trust income and the trust remainder could represent great grandchildren having contingent interests only in the trust remainder. The Surrogate said (p. 175): “At least, in this probate proceeding, I see no reason why the fact that the grandchildren also have possible income interests should rule out virtual representation. The interests of the grandchildren in both income and principal’are just as adversely affected by the codicil as are the interest of the great-grandchildren in principal. There is no conflict.”
The Surrogate pointed out in Fuller that a different result might be appropriate in an accounting proceeding where a conflict of interests could exist between those interested in income and those interested in principal. However, it is apparent that in applying the virtual representation statute the Surrogate considered the identity of the respective interests of the persons in the proceeding then before the court rather than the legal definitions of their respective interests under the will. The holding was that in the probate proceeding- the grandchildren and the great-grandchildren had the same interest, opposition to the codicil, although under the terms of the will their interests were distinguishable and they did not all have the same class interest.
In Matter of Borax (60 Misc 2d 645) a question of the applicability of S'CPA 315 arose under a will which created a trust for the benefit of a son with the principal payable to him in fractions at stated ages. The will further provided that in the event of the son’s death prior to his receipt of the entire principal the trust remainder be paid to his issue. In that circumstance Surrogate Silverman held that the son’s representation of his infant child would be inadequate for the reason that a conflict of interests could exist between the son, who had a present right to income, and his child whose sole interest was in the trust principal. The facts in the Borax case are quite distinguishable from those in the case at bar. In Borax the son was the primary income beneficiary and, as the person presently entitled to income, could take the position that all questions as to the allocation of receipts and charges as between trust income and trust principal should be resolved for the benefit of income. His child on the other hand, whose interest was solely in principal, would take a. contrary position.
In the case at bar neither the testator’s son nor any contingent infant remainderman has a present interest in trust income. At this point in the estate administration the objective of all *495 these persons is to maintain, or possibly augment, the trust principal. With this objective in view each of these persons has the same interest, an interest concerned only with trust principal. The only conflict existing is between the widow as primary and present income beneficiary on the one hand and the son and the contingent remaindermen, all presently interested in trust principal, on the other hand. When and if the son shall succeed to the position of income beneficiary his interest at such time will not be the same as that possessed by the contingent remaindermen but, until the son does acquire an interest in income, his position is not adverse to that of the infants. Accordingly it is held that citation of the infant contingent remaindermen is not necessary.
Proceed accordingly.