John D. Bennett, S.
In this executors’ accounting proceeding, a question has arisen as to whether the virtual representation statute (SCPA 315) applies to the facts presented hy this estate.
Testator’s will establishes a residuary “sprinkling” trust for the benefit of the widow, a daughter, and any one or more of the daughter’s issue. There is presently one granddaughter, who, it is contended, need not be cited by reason of the virtual representation statute. Upon the death of the widow, if the daughter is still living, the ‘ ‘ sprinkling ’ ’ trust is to continue for the daughter and her issue until age 30 when the principal is payable to the daughter outright, or if she should sooner die, to the daughter’s surviving issue. In addition, if the daughter does not survive the mother, the remainder is payable to the daughter’s issue.
Both the daughter and granddaughter are interested as potential income beneficiaries of the “ sprinkling ” trust. The independent executor-trustee has, however, paid all of the income to date to the widow, the will providing that in exercising power to invade and pay income, the trustees are to he guided hy the testator’s desire that the wife live comfortably “ without regard to the interest of any other income beneficiary or remainder-man.” It is apparent also that the daughter has a remainder interest which, in the language of the virtual representation statute ‘ ‘ has been further limited upon the happening of a future event to a class of persons described in terms of their relationship to such party ” (SCPA 315, suhd. 2, par. [a], subpar. [ii]). Both in Matter of Blake (208 Misc. 22) and Matter of Snyder (54 Misc 2d 695) the virtual representation statute was held not to apply to dual contingent income-remainder interests where the party who is to represent the class has the identical interest. The court in the Blake case summarily disposed of the argument hy referring to the caption of the section as relating only to remainder interests (see former Civ. Prac. Act, § 1311). The report of the Commission on Estates, however, is more enlightening in its comment that ‘ ‘ it is at least arguable that the heading, which is intended to state briefly the subject matter of the statute without getting bogged down in technicalities, includes all remainder interests whether or not coupled with income interests. It is submitted that the criterion should he whether the interests of the class to be represented are likely to he adequately *82 safeguarded. If so, then there would be little reason for denying representation merely because the remainder interest is coupled with an income interest ” (Third Report of Comm, on Estates, N. Y. Legis. Doc. [1964], No. 19, p. 285; accord: Matter of Leyshon, 67 Misc 2d 492; Matter of Fuller, 57 Misc 2d 174; cf. Matter of Borax, 60 Misc 2d 645). Here there is no actual conflict between the daughter and granddaughter vis-a-vis income or principal, since neither of them is receiving any sums from either source at this time and consequently no conflict of interest is presented. Accordingly virtual representation applies and citation will not be required to be served on the granddaughter.