Bertram R. Gelfand, S.
This is a motion to dismiss certain objections filed in this proceeding to judicially settle the account of trustees. The objections at issue relate to acts of the trustees when they served as executors of decedent’s *924 estate. The executors’ accounts were judicially settled by a decree rendered February 28, 1972. The present objectants are Doris Mazur, a trust income beneficiary under one trust and an alternate income beneficiary under another. She is also a successor trustee. The other objectant is a successor trustee, Vivian Schneider. A guardian ad litem has been appointed in this proceeding to represent Paul Mazur, an infant who is an alternate income beneficiary and a remainderman. Paul Mazur is the only child of objectant Doris Mazur. The guardian ad litem has joined in arguing in opposition to the motion to dismiss.
Placed in issue is the propriety of jurisdiction having been obtained over Paul Mazur pursuant to SCPA 315. In the proceeding to settle the executors’ account Paul Mazur was virtually represented by Doris Mazur.
It is also argued by objectant Doris Mazur in opposition to this motion that the decree settling the executors’ account is not binding upon her because she was not represented by counsel, was not advised of her right to counsel and that she did not fully understand the waiver and consent which she signed in that proceeding. There is no claim that this waiver and consent in any way flowed from fraud or undue influence. It is argued by the movants that their conduct as executors is res judicata as the result of the decree which settled their account.
The position of the objectants rests upon their ability to sustain a collateral attack upon the decree of February 28, 1972. This decree, like all determinations of any court, is always subject to attack by a party in interest who contends that they have been adversely affected by the entry of a decree that had been rendered without the court acquiring proper jurisdiction (Hess v Hess, 233 NY 164; Downey v Seib, 185 NY 427; O'Donoghue v Boies, 159 NY 87, 100; Matter of Spring, 280 App Div 642). The decree settling the account of the executors was entered upon the express consent of objectant Doris Mazur. It is not disputed at this time that the objectant in this proceeding, Vivian Schneider, was not a necessary party to the settlement of the executors’ account. The only party who was affected by the court’s 1972 reliance upon SCPA 315 is the infant, Paul Mazur. It is fundamental that issues may be raised in a proceeding only by a party who may benefit therefrom. Accordingly, neither objectant Doris Mazur nor Vivian Schneider has any standing to create an *925 issue as to the finality of the decree of February 28, 1972 based upon the court having exercised jurisdiction over Paul Mazur pursuant to the provisions of SCPA 315. A party may not create issues which only affect the rights of others (Matter of Cook, 244 NY 63; Matter of Petersen, 89 NYS2d 585; 10D Cox, Arenson, Medina, NY Civ Prac, par 2211.03[c]).
However, the guardian ad litem, who has been appointed to protect the interests of the infant has adopted the position of the objectants with reference to the propriety of the court’s reliance upon virtual representation in the proceeding to settle the executors’ account. The guardian ad litem does have the right on behalf of his ward to have this issue now determined upon its merits. In evaluating whether a party representing another by virtual representation has the identity of interest required by SCPA 315, the controlling factors are the similarity of their interest, whether the representor has any interest that is adverse to the party being represented, and whether the representor can adequately represent the interests of those virtually represented (Matter of Silver, 72 Misc 2d 963; Matter of Schwartz, 71 Misc 2d 80; Matter of Leyshon, 67 Misc 2d 492).
Closer examination of the interests of the parties in the two trusts involved and the nature of the present objections is pertinent to a disposition of these questions. With reference to one trust, decedent’s wife was given the income for life with a power of appointment over the principal. If the wife failed to exercise the power of appointment, upon her death, one half of the income was to go to Doris Mazur and one half to her children with the corpus ultimately going to Doris Mazur’s children. With reference to the other trust, Doris Mazur is to receive the income for life. Doris Mazur’s children are the remaindermen.
It is possible upon an executors’ account for there to be a diversity of interest between an income beneficiary and a remainderman with reference to the funding of a trust (Matter of Silver, supra). Both an income beneficiary and a remainderman at the time of the settlement of the executors’ account have an identical interest in the trust being funded to as great an extent as possible. However, in a given situation, they may have a diversity of interest with reference to the nature of the assets to be distributed to the trust. Where there is a choice, a remainderman might be desirous of the trust being funded with those assets with the greatest growth potential, while an *926 income beneficiary would be more concerned with the trust being funded with those assets which would yield the greatest return without concern for growth potential. In this matter, even at this late date, the objections filed and the report of the guardian ad litem in no way place in issue the nature of the assets with which the trusts were funded. All the objections addressed to the acts of the executors and trustees in no way relate to any issue under which Doris Mazur’s interest at the time of the settlement of the executors’ account was in any way distinguishable from that of her son, Paul Mazur. It is not relevant to the issue raised with reference to settlement of the executors’ account that in this proceeding to settle the trustees’ account Doris Mazur clearly cannot appear for her son, Paul, by virtual representation. The potential issues pertinent to a trustees’ account are totally different from those present upon the executors’ account. The attitude of an income beneficiary as to distributions from the trust is clearly adverse to the best interests of a remainderman. It is concluded that with reference to the decree settling the executors’ account jurisdiction was obtained by the court over Paul Mazur pursuant to SCPA 315 and all issues with reference to the conduct of the executors in their executorial capacity are res judicata as to Paul Mazur.
The additional argument of objectant Doris Mazur that the decree of February 28, 1972 is not binding upon her because she did not understand the waiver and consent she executed and because she was not represented by counsel at that time is without merit. In a proceeding to judicially settle a fiduciary’s account, no obligation exists on the part of the fiduciary, their counsel or the court, to specifically advise an adult competent party of their right to retain counsel of their own choice. A competent adult in the absence of fraud or undue influence is bound by their execution of a document in a civil proceeding regardless of whether they were or • were not represented by counsel at the time.
The following oft-cited language in Pimpinello v Swift & Co. (253 NY 159, 162-163) is pertinent: "Ordinarily, the signer of a deed or other instrument, expressive of a jural act, is conclusively bound thereby. That his mind never gave assent to the terms expressed is not material. (Wigmore on Evidence, § 2415.) If the signer could read the instrument, not to have read it was gross negligence; if he could not read it, not to *927 procure it to be read was equally negligent; in either case the writing binds him.” (See, also, Matter of Dana, 45 AD2d 676.)
It is concluded therefore that not only as to Paul Mazur, but as to all parties, the issues disposed of by the decree of February 28, 1972 are res judicata. Accordingly, the motion to dismiss objections numbered "1.”, "3.” and "10.” is granted to the extent that said objections refer to acts of the movants in their capacity as executors. With reference to objections "11.”, "12.”, "13.” and "14.” the motion to dismiss is granted in its entirety.