John D. Bennett, J.
In this intermediate accounting proceeding, the successor trustee requests that service of process on certain great-grandchildren and an adopted child of a son be dispensed with by reason of1 the virtual representation statute (SOPA 315).
Paragraph “ Fifth ” of the will in part provides for a trust to continue during the lives of two designated grandchildren with income payable in equal shares to his five children — Theodore S. Clark, Allan Gr. Clark, Edward V. Clark, Olive 0. Stiles and LeGrand L. Clark, Jr. Upon the death of any child during the continuance of the trust, that share of the income is payable to his or her descendants per stirpes.
Of the five children who survived the decedent, two are now dead. Allan G. Clark died leaving four children — Allan Belden Clark, Judith Clark Elam, Thomas Sheridan Clark and Theodore G. Clark. One of these four, Thomas Sheridan Clark, has died, leaving no descendants. The three remaining grandchildren are presently receiving a portion of the income previously payable to their father, Allan G. Clark. In turn, each of these three surviving grandchildren has a child or children, being great-grandchildren of the decedent and contingent income beneficiaries and contingent remaindermen of the trust. The other deceased son, Theodore S. Clark, died leaving no descendants. Of the three surviving children, Edward V. Clark has one son, Edward Donald Clark, who in turn has four children. Since Edward V. Clark is currently receiving income, his son and the children of his son are only contingently interested in income. Olive Clark Stiles, the only daughter of the decedent, has three children — Linford Edward Stiles, Jr., Elizabeth Stiles Siegal and Catherine Louise Henderson — each of whom in turn has a child or children. Since Olive Clark Stiles is presently receiving income, all of her descendants are likewise only contingently interested in income. The third surviving child, LeGrand L-Clark, Jr., has an adopted son, LeGrand L. Clark, III, who is *866 presumably a contingent income beneficiary and a contingent remainderman.
Under the virtual representation statute, the question as usually posed is whether those persons who are parties and are said to virtually represent their successors have ‘1 the same interest ” (SOPA 315, subd. 2, par. [a], cl. [ii]). Here, all of the decedent’s descendants can theoretically be said to have the same or similar interests since all of them are or can be interested in income and certainly all of them are contingent remaindermen.
Both in Matter of Snyder (54 Misc 2d 695) and Matter of Blake (208 Misc. 22) the virtual representation statute was held not to permit dual contingent income-remainder interests to represent subsequent contingent income-remainder interests on the ground that the virtual representation statute applies only to remainder interests. This position has been the subject of criticism (Third Report of Temporary State Comm, on Estates, N.Y. Legis. Doc., 1964, No. 19, p. 285; Looker, Virtual Representation, 34 Bklyn. L. Rev. 395, 402) and has not been f ollowed by this court (Matter of Schwartz, 71 Misc 2d 80). In the last cited case, a daughter who was both a contingent income beneficiary and remainderman, but not currently receiving income, was permitted to represent her child who also had a contingent income-remainder interest. There, this court said at page 82: “ Here there is no actual conflict between the daughter and granddaughter vis-a-vis income or principal, since neither of them is receiving any sums from either source at this time and consequently no conflict of interest is presented.” Applying those same principles to this case, since Allan Belden Clark is currently receiving income and his children are only contingently interested in such income, they will be required to be cited. The same is true of the children of Judith Clark Elam and Theodore Gray Clark. Since Edward Donald Clark is not currently receiving income, he may virtually represent his children. Similarly, since Linford Edward ¡Stiles, Jr. is not currently receiving income, he may virtually represent his children, as may Elizabeth Stiles Siegal and Catherine Louise Henderson.