Arthur C. Aulisi, J.
This article 78 proceeding challenges the authority of the State Commissioner of Transportation (hereinafter referred to as "Commissioner”) to issue an order, pursuant to section 212 of the Highway Law, discontinuing the use of a portion of a town highway, known as the Sacandaga Campsite Road, and a spur road leading from it, which *536 pass over or through lands wholly owned by the State Department of Environmental Conservation (hereinafter referred to as "EnCon”), an agency of the State of New York.
The roads are the principal service roads within the Sacandaga Campsite, a public recreational area in the Town of Wells under the jurisdiction and control of EnCon. The campsite itself is located in an area between the Sacandaga River and Route 30, a State highway. The campsite road, for most of its 1.67 miles, runs along what is best described as the east bank of the river and prior to 1941 was a part of Route 30. In that year, the State highway was diverted at a point just below the campsite and relocated some distance further from the river for a stretch of approximately 1.5 miles until it rejoined Route 30 at a point near the upper end of the campsite. Between the two points, a spur road about one tenth of a mile long was laid out, connecting the relocated Route 30 with the campsite road. Although the former State Department of Public Works, respondent’s predecessor, abandoned the campsite road to the Town of Wells in 1941, following the relocation of Route 30, the road was not claimed as a town highway by the Town of Wells on the town and county inventory made in 1962-1963 and for a number of years the road has been maintained by EnCon. At its lower junction with Route 30, the campsite road serves as access to privately owned lands for but a short distance of .23 miles and thereafter, and until it reaches its terminus with the relocated Route 30 near the upper end of the campsite, it passes wholly through lands of the State of New York for 1.44 miles. The Commissioner’s order affects the latter portion of the campsite road, as well as the spur road mentioned above.
In the past, the administration of the campsite has been hampered by reason of the lack of control over people passing through the campsite over the affected roads. In order to alleviate the problem and effectively control the access to the campsite, EnCon requested that the Commissioner abandon such roads pursuant to section 212 of the Highway Law and submitted to the respondent department the consent and approval required by the statute. Recognizing that the. town was opposed to the proposed action, the Commissioner, after giving consideration to all of the factors involved, made a determination and issued the order discontinuing the use of the subject roads as public highways.
The State contends that the respondent’s determination is *537 legislative in character and not subject to judicial review and that, in any event, the respondent, in making the determination, acted reasonably and in accordance with the law.
The petitioner, on the other hand, takes the position that the Commissioner exceeded his authority in issuing the order because of the failure to comply with the requirements of section 211-a of the Highway Law and also because section 212 of the same statute was not applicable since the campsite road for part of its course passes through privately owned lands. In its memorandum of law, however, the petitioner does not pursue the position taken with respect to section 211-a and shifts its attack upon section 212 by contending that under the latter section a highway may be discontinued by the State only if the discontinuance is incidental to a change in the location of the highway over lands wholly owned and occupied by the State. In support of this last contention, petitioner relies upon section 81 of the General Construction Law and the cases construing the same to the effect that the heading of a statute should not be disregarded in its interpretation, citing Matter of Blake (208 Misc 22, 23-24), for the rule that " 'headings or inscriptions are not titles of the acts in the sense which brings them within the rule that the title of an act cannot control the words contained in the body of the statute, but are rather parts of the statute itself limiting and defining its effect’.” The heading of section 212 is entitled "Changing location of highways over certain lands owned and occupied by the state”. This language, it is urged, limits the operation of the body of the statute to situations involving a change in the location of a highway and permits an abandonment or discontinuance of a highway only if it is incidental to such change of location.
At the outset, it is noted that section 211-a of the Highway Law does not in any of its provisions refer to the State Commissioner of Transportation, the State Department of Transportation or any other State authority, but simply permits a town board, upon request of the County Superintendent of Highways, to abandon or discontinue for public purposes certain town highways, by resolution, after compliance with the filing, notice and hearing requirements of the section. Section 212, on the other hand, deals with State action with respect to highways over State lands, and, although the statute provides for the consent and approval of the State authority having jurisdiction and control over such lands, there is *538 nothing in it which requires local initiative or local concurrence, nor any provision requiring notice and hearing. Each section serves its own purpose and the State Commissioner of Transportation, in taking action under section 212, is not limited by the requirements imposed by section 211-a upon the town board. Section 212, as originally adopted (Highway Law of 1909, L 1909, ch 30, § 241, as added by L 1920, ch 558), related only to State lands used for farm and prison purposes and authorized the appropriate State body to alter and change the location of a highway passing through such lands, or to abandon the same, or to discontinue the use thereof. Provision was made for the filing of a copy of the order in the office of the town clerk of the town in which such highway was located and conspicuous posting thereof in 10 public places in the town. The 1924 amendment of the section (L 1924, ch 141) made the section applicable to lands of the State without reference to the nature of its use, provided for the consent and approval of the State department, board, commission or institution having jurisdiction or control over such lands, and eliminated the filing and posting requirements in the town, substituting therefor a provision requiring the filing of the order in the office of the Commissioner and in the office of the State authority involved. In all other respects, the statute has remained virtually the same and has always included the provision limiting the action of the Commissioner to "such portion of such highway as passes through” lands wholly owned and occupied by the State. The Commissioner’s order in this case is so limited and does not exceed the authority given to him by the statute, and the fact that privately owned lands may abut another portion of the highway does not preclude the action taken in the instant case.
Finally, petitioner’s contention that the actions which the Commissioner is authorized to take under the provisions of section 212 are limited by the heading of the section is wholly without merit. Although a heading of a section may be resorted to and serve a useful purpose where the provisions of the statute are ambiguous or not clearly stated, it should not be utilized to modify or nullify the text of the statute. Where words of a statute are free from ambiguity and express plainly, clearly and distinctly the legislative intent, resort may not be had to other means of interpretation. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 75.) The legislative intent is first to be sought from a literal reading of the statute *539 itself. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 92, subd b.) Here, a reading of the statute amply demonstrates that the Legislature provided for three separate and distinct alternative types of action, none of which are dependent upon either or both of the other two. This conclusion is made clear by the use of the co-ordinating particle "or” between each of the different types of action permitted, and is reinforced by the language of the statute which follows. The last sentence of the statute (Highway Law, § 212) provides that the Commissioner’s order "shall contain a description of that portion of the highway the location of which has been changed, abandoned or discontinued, and a description of the new location thereof, if any”. (Emphasis supplied.) For the words "if any” to have any meaning in connection with the preceding phrase, it must be in situations where there is an abandonment or a discontinuance of use without a change of location of the highway. To hold otherwise would violate a cardinal rule of statutory construction that effect and meaning must, if possible, be given to the entire statute and every part and word thereof. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 98, subd a.)
In view of the foregoing, the application of petitioner is, therefore, denied and its petition dismissed. The stay in the order to show cause herein is also vacated.