OPINION OF THE COURT
Millard L. Midonick, S.
The application for judicial settlement of the trustees’ intermediate accounting for the trusts under paragraphs (c) and (d) of article fourth of the will raises a threshold question with regard to the application of SCPA 315: whether John Connable Bennett, Jr., may virtually represent his two infant children. The court agrees with the well-reasoned arguments in counsel’s informal memorandum of law that he may do so in this proceeding.
With respect to the trust under paragraph (c), John Connable Bennett, Jr., is the presumptive remainderman and as such, he may clearly represent his infant children. Their interest is contingent on his failure to survive the trust term *407 but is otherwise the same interest as their father’s (SCPA 315, subd 2, par [a], cl [i]).
The trust under paragraph (d) presents a more difficult issue with regard to virtual representation. Under this trust, John Connable Bennett, Jr., is a secondary income beneficiary and a measuring life; he has no remainder interest in this trust. The income of this trust is presently payable to Mr. Bennett, Jr.’s father. All of the trust income for the period accounted for has been distributed to Mr. Bennett, Jr.’s father, the sole present income beneficiary. Upon his death the income is to be paid to his wife (Mr. Bennett, Jr.’s mother) for her life, the income only becomes distributable to the aforesaid Mr. Bennett, Jr., upon her death.
The rationale relied upon by the petitioner in support of its argument for virtual representation in the case of the paragraph (d) trust is that invoked by this court in its prior decisions in Matter of Sunderhauf (NYLJ, Aug. 2, 1978, p 11, col 2) and Matter of Pinkerson (NYLJ, Dec. 18, 1978, p 14, col 6). In those cases the court held that a secondary income beneficiary could represent his children who were the contingent remaindermen of a trust, in a proceeding to settle the executor’s account. The basis for that conclusion was that the proposed representative satisfied the statutory requirement that he have the "same interest” as the persons he would be representing (SCPA 315, subd 2, par [a], cl [ii]) because the requisite identity of interest was identity of economic interests in the particular proceeding rather than the literal congruence of property interests. Since the representative, albeit an income beneficiary, was only interested at this point in the maximum funding of the trust, this court held that his interest was the "same” as that of his issue in the trust remainder.
The only distinction between those cases and the one at hand is that the account in question is a trust account. That distinction does not require a different result under the particular circumstances of this case because the proffered representative is not a current income beneficiary and his only interest is identical with that of his children, namely, the protection and maximization of the trust principal.
Counsel correctly notes that the aforesaid Mr. Bennett, Jr., who has been appointed successor trustee hereunder for a period which began eight months after the close of the accounting herein, will be precluded thereby from serving as a virtual representative in future proceedings.