OPINION OF THE COURT
C. Raymond Radigan, J.
In this executor’s accounting proceeding the court is required to pass on the question of virtual representation (SCPA 315). Article twentieth of the will provides for the establishment of a sprinkling trust of the entire residuary estate with income in the trustee’s discretion payable to the testatrix’ son, Robert, and any of his issue, with principal invasion for the benefit of the son authorized up to 25% of the original inventory value of the trust. Invasion of principal is also permitted for any child or grandchild of the son, limited, however, during the son’s life to 2% of the original inventory value and 25% following the son’s death. The trust is to terminate on the death of the son and his two children, Ian and Zara (grandchildren) with the principal and all accrued and accumulated income to be paid to the issue of the decedent’s son living at the termination of the trust per stirpes.
Both Ian and Zara have children of their own (great-grandchildren). It is these three great-grandchildren upon whom service of process is sought to be disposed of on the *425 ground that they are virtually represented by their parents, the decedent’s grandchildren.
Petitioner’s argument is based upon the theory that the grandchildren and the great-grandchildren have the requisite “same interests” under the virtual representation statute in this executor’s accounting; that is, the maximization of the trust principal and therefore their interests are not in conflict, citing among others Matter of Sunderhauf (NYLJ, Aug. 2, 1978, p 11, col 2).
The interests of the grandchildren and the infant great-grandchildren, both of whom are presently interested in income and principal as beneficiaries of the sprinkling trust, are identical as to those interests. Thus, their interests are not future or successive as to each other as to such interests. In addition, taking into consideration SCPA 315 (subd 2, par [a], cl [i]), the three infant great-grandchildren are the remaindermen as far as this application is concerned, subject to the trustee’s limited power to invade principal.
The court must be ever mindful of its obligation to expedite the administration of estates and avoid unnecessary expenses including that of fees to be paid to guardians ad litem where possible. At the same time, the court, mindful of our litigious society, seeks to secure decrees from attack and not permit them to lie in waiting for an adult representee or for an incapacitated person to reach majority and with his disability unshackled to move to vacate same on the basis that they were not adequately represented. The court has an obligation to seek to insure finality of its decrees (Matter of Putignano, 82 Misc 2d 389) and to avoid a possible later attack based on lack of jurisdiction (see, e.g., Matter of Holland, 84 Misc 2d 922). Accordingly, the court must carefully evaluate the petitioner’s request to use virtual representation, especially where any doubt may exist in the court’s mind as to the adequacy of the representation (Matter of Alexander, NYLJ, Jan. 2, 1979, p 12, col 2). Likewise practitioners should be alerted to the admonition set forth by Surrogate Sobel in the last paragraph of his decision in Matter of Putignano (supra) of the effects of making an error in applying the statute.
*426 Here the executors concede that all principal distributions have been made directly to the trustees, that $90,000 of residuary trust income was paid to the decedent’s son by the executors with the balance paid to the trustees. The trustees expended income to maintain the decedent’s home which is part of the trust but have made no other distributions of income. In addition, the trustees have made discretionary distributions of principal to the son, grandchildren and great-grandchildren but the amounts and portions are undisclosed.
Surrogate Sobel in Matter of Putignano (supra), held that the virtual representation applies equally to income interests where coupled with successive remainder interests. However, the income interests need not be successive but, in fact, the interest in income of both representor and representee may be present and concurrent as is usually the case in a sprinkling trust.
While the statute has been amended since that decision to clearly indicate that the statute applies to income as well as principal interests (SCPA 315, subd 1), if the income interests are concurrent (lateral) and not successive (vertical) virtual representation does not apply unless the will specifically authorizes lateral representation (SCPA 315, subd 5). While SCPA 315 now authorizes lateral virtual representation where the will so provides, this was not the case prior to the enactment of SCPA 315 (subd 5) (Matter of Peck, NYLJ, June 13, 1979, p 12, col 2). The will here does not authorize lateral or horizontal virtual representation. The great-grandchildren, having a like interest in income as the grandchildren, are to be made parties to this proceeding and may not be virtually represented.
While this court in Matter of Schwartz (71 Misc 2d 80) held virtual representation applied in a sprinkling trust situation, there the representor and representee had successive remainder interests which is a distinguishing factor. Whether Schwartz should be followed need not now be decided.
There are further problems concerning use of virtual representation herein. Assuming the income interest need not be successive to have virtual representation of one *427 having a present income interest, may an income beneficiary represent principal and if he can may he do so when there is a possible conflict?
The statute reads in part:
“§315. Joinder and representation of persons interested in estates
“1. The provisions of this section shall apply in any proceeding in which all persons interested in the estate are required to be served with process. For the purposes of this section, the term ‘an interest in the estate’ includes both interests in income and interests in principal.
“2. Representation of class interests.
“(a) Where an interest in the estate has been limited as follows, it shall not be necessary to serve process on any other person than as herein provided * * *
“(ii) To a person who is a party to the proceeding and the same interest has been further limited upon the happening of a future event to a class of persons described in terms of their relationship to such party, the party to the proceeding * * *
“3. Representation of contingent interests.
“Where an interest in the estate has been limited to a person who is a party to the proceeding and the same interest has been further limited upon the happening of a future event to any other person it shall not be necessary to serve such other person.”
Do these provisions mean that an income interest can represent a principal interest? Research does not supply any foundation that income interests were included under SCPA 315 (subd 1) to accomplish this. It was obviously done to permit an income interest to represent other income interests which previously lacked statutory authority (see Matter of Putignano, supra).
Are subdivisions 2 (cl [a], par [ii]) and 3 intended to indicate that a present income interest could represent a future remainder interest or does it mean as to an income interest, only a present income interest may represent a future or contingent income interest?
When the statute mentions same interest, does that mean identical interests as income representing income *428 and principal or does it mean same economic interest? Matter of Holland (supra, at pp 925-926), Matter of Connable (102 Misc 2d 406), Matter of Leyshon (67 Misc 2d 492) and Matter of Lawrence (106 Mise 2d 19) and like cases would indicate that as long as there is a similarity of interests and the interests are not adverse, an income interest can represent a principal interest. If that were so, why was it necessary for the Legislature to provide that in probate proceedings income beneficiaries could represent principal interests under SCPA 315 (subd 2, par [a], cl [ii]), SCPA 315 (subd 3) and SCPA 315 (subd 4)? Is it that under such sections the Legislature did not intend such representation and purposely made an exception for probate proceedings?
The Third Report (1964, p 284) of the Temporary State Commission on Estates (The Bennett Commission) indicates that a present income interest is not the same and is in fact antagonistic to a future remaining interest. If the Legislature wanted to extend instances where an income interest could possibly virtually represent a remainder interest, they could have considered extending such virtual representation to include some or all proceedings other than probate proceedings. There may be cases where this could be done, such as a right of election case (Matter of Adler, 77 Misc 2d 651). However, a right of election case is not the same as exists here in an accounting proceeding where the income and principal interest can be adverse especially under the terms of the will herein where the grandchildren may prefer to focus on their income interest where in the long term the great-grandchildren would have more of an interest in the preservation of the corpus. The grandchildren and great-grandchildren both have a potential to receive income and limited principal but the great-grandchildren are the only ultimate takers of the remainder and may therefore be benefited by a portfolio that consists of assets which have a growth potential rather than favoring a high yield potential which may be more beneficial to their parents.
As noted in Matter of Peck (supra), while some cases involving sprinkling trusts did concern partial lateral interests they were also coupled with future remaining inter *429 ests (see Matter of Putignano, supra; Matter of Schwartz, supra) and a serious question would arise here if the proposed representors could still nonetheless represent the representees as being interested in corpus as potential beneficiaries of invasions under the sprinkling trust and disregarding the fact that the representees are the ultimate remaindermen. Even if the court disregarded a necessity for successor interests as a requirement for utilizing virtual representation, the theory expressed in Matter of Sunderhauf (supra) must have its limitations. There the trust was created specifically of 5,400 shares of certain preferred stock and no income or other distributions from the corporation had been received by the executor. All the executor had to do is transfer the stock to the trustees and there could be no question in an executor’s accounting regarding conflicts concerning income and principal interests. In Matter of Alexander (supra), the court held it was immaterial that no distributions had been made because necessarily an accounting by an executor with the trust involved must include allocations of receipts and expenses between principal and interest which may create conflicts. Here the trust indeed was funded and there may be diversity of interest between the income beneficiaries and the remaindermen concerning the funding of the trust. While both income and principal interests ostensibly have the identical interest of maximizing the trust, they may have a diversity of interest as to the specific assets to be distributed to the trust in addition to potential diversity concerning allocations of receipts and expenditures.
The court must be concerned with whether or not the representees are being actively represented and not with whether ór not they could be represented (Radigan, Virtual Representation, NYU, Dec. 30, 1981, p 1, col 2). It is for this reason that the proposed rules for the Surrogate’s Court throughout the State will require affidavits in order for the court to determine the adequacy of the representation. (Proposed Rule 207.18.)
Accordingly, the court finds that the great-grandchildren having a present interest in income and corpus may not be virtually represented by their parents who are also presently interested in same nor may their parents repre *430 sent them regardless of that issue since there is potential of conflict in the great-grandchildren in their capacity as remaindermen being represented by their parents. The court is not satisfied that the great-grandchildren will be adequately represented under the statute.
Accordingly, the court directs citation be served upon the great-grandchildren.