OPINION OF THE COURT
John B. Riordan, S.
The proceeding before the court is one that seeks the construction of a will pursuant to SCPA 1420. Submitted for decision is a threshold issue of jurisdiction that requires the *730 court to decide if the facts of the case lend themselves to application of the virtual representation statute, SCPA 315.
The decedent, Joseph D. Dickey, Jr., was a victim of the terrorist attack on the World Trade Center on September 11, 2001. He was a partner at Cantor Fitzgerald and lived with his family in Manhasset. His will was admitted to probate by this court on February 27, 2002. The decedent is survived by his wife, Irene Sangas Dickey, and their two children, Joseph D. Dickey, III (19 years old) and Elizabeth E. Dickey (16 years old). Mrs. Dickey is the executrix of the estate.
Practically all of the decedent’s sizable estate passes through the will’s residuary clause. It establishes two trusts, a standard combination of credit shelter trust and marital deduction trust. The former contains a formula clause that allows the credit shelter trust to be funded by the maximum amount that can pass free of federal estate tax. The marital deduction trust would, of course, be funded by any amount that would be left over after the credit shelter trust was properly funded.
There are three cotrustees for the residuary trusts: the executrix and the decedent’s two brothers. The petitioners in this construction proceeding are the decedent’s two brothers. It is their position that the credit shelter bequest is governed by the Victims of Terrorism Tax Relief Act of 2001, and that the Relief Act would raise the maximum amount that would fund the credit shelter trust without creating a taxable estate. Such a construction could result in the credit shelter trust being funded by the entire residuary estate, leaving nothing left over to fund the marital deduction trust. The executrix opposes this construction and argues that the unified credit applicable under the tax rate schedule continues to apply, thereby allowing the credit shelter trust to be funded with the exclusion amount of $675,000 applicable in 2001. Needless to say, the remainder beneficiaries of the two trusts are the decedent’s children and the executrix has the income benefit of both trusts.
The decedent’s 19-year-old son is represented by an attorney. Joseph D. Dickey, III has submitted an affidavit supporting his mother’s interpretation of the will, fully realizing that such an interpretation is against his own economic interests. After all, if the marital deduction trust is funded by limiting the credit shelter trust to the exclusion amount of $675,000, then the remainder interest of the two children in the marital deduction trust may be reduced by virtue of the taxability of the remainder of the marital deduction trust, the standard “five *731 and five” limited right to principal of the marital deduction trust of the mother, and the standard of living component of the marital deduction trust, not to mention the tax-free quality of the remainder of the credit shelter trust. Of course, the decedent’s son is free to make such a decision. The decedent’s daughter is not.
Traditionally, the courts look to three criteria in resolving issues of virtual representation: (1) similarity of economic interest between the representor and the representee; (2) the absence of any conflict of interest between them; and (3) the adequacy of the representation by the representor of the representee (Matter of Holland, 84 Misc 2d 922 [1974]; Matter of Putignano, 82 Misc 2d 389 [1975]). In this case, the interests of Joseph Dickey, III and Elizabeth Dickey are similar and parallel, rather than successive. The will authorizes the use of horizontal virtual representation (SCPA 315 [5]). While these facts would appear to be well suited to the application of virtual representation, the court is also mindful of its obligation to guard the finality of its decrees and to be vigilant in the protection of the interests of persons suffering from a disability. For example, while Mr. Dickey’s decision to support his mother’s construction of the will is reasonable and even laudable, the court is not convinced that it is a decision that a guardian ad litem could or should make on behalf of his or her ward. Therefore, the court will exercise its discretion and decline to allow virtual representation in this case (SCPA 315 [7]). A guardian ad litem will be appointed.