*607 OPINION OF THE COURT
John B. Riordan, J.
Submitted for decision in this executor’s accounting is the threshold issue of virtual representation. For the reasons that follow, the court rules that the petitioner’s implicit reliance on SCPA 315 is unpersuasive and that virtual representation does not apply to the children of Jill Zirinsky Hirsch and Linda Zirinsky Gilbert.
Ralph Zirinsky died a resident of Nassau County on June 29, 1980. His will was admitted to probate in this court and letters testamentary were issued on August 11, 1980 to his wife, Ruth Zirinsky, and his son, Robert Zirinsky. The will established several testamentary trusts and letters of trusteeship issued to Ruth Zirinsky, Robert Zirinsky and the decedent’s brother, Richard Zirinsky, as cotrustees. Ruth Zirinsky and Richard Zirinsky have since passed away. Robert Zirinsky is accounting as the executor of his father’s estate and also as the preliminary executor of a deceased coexecutor (he is the preliminary executor of his late mother’s estate).
The residuary of Ralph Zirinsky’s estate is bequeathed pursuant to articles second and third of his will. Article second establishes three trusts, each to be equally funded from a sum of money that equals the amount that would satisfy the estate’s marital deduction. Under Internal Revenue Code (26 USC) § 2056, in effect in 1980, the maximum marital deduction was limited to the greater of $250,000 or one half of the value of the adjusted gross estate. The article second (B) (i), (ii) and (iii) trusts are identical in that Ruth is given a lifetime income interest together with discretionary access to principal. In each of the three article second trusts, Ruth is given a general testamentary power of appointment over the remainder. The three trusts differ in that each has a different taker in default of the exercise of the power of appointment, Robert, Linda and Jill, respectively. The court notes, parenthetically, that the instrument propounded as Ruth’s will is now subject to a probate contest. It purports to exercise Ruth’s powers of appointment in favor of distribution through article fifth of Ruth’s will so as to distribute the remainders of the three article second trusts in continuing trusts in the following portions: two thirds for Robert’s trust, one sixth for Linda’s trust and one sixth for Jill’s trust.
Article third of Ralph Zirinsky’s will distributes the balance of the residuary, after deduction of the article second marital *608 deduction trusts. The article third trust is divided into three subtrusts each for the income benefit of one of Ralph Zirinsky’s children as well as the income benefit of Ruth Zirinsky, with discretionary access to principal. The remainder of each of these three subtrusts (third [B] [Robert], third [B] [Jill] and third [B] [Linda]) passes to the issue of each of Ralph’s children upon the expiration of 21 years from the death of Ruth and all three children of the decedent. There is a generation-skipping transfer tax aspect to the distribution of these remainders, but it is not relevant to this issue.
With regard to the issue of virtual representation, the petitioner argues that while Robert Zirinsky, as surviving coexecutor, may not account to himself as a cotrustee, he can account to independent trustees under SCPA 2210 (10). The petitioner would have this section be extended to include the fiduciary of a predeceased cotrustee, in this case, Richard Zirinsky. The court agrees with the assessment of Jill and Linda’s attorney, that the executors of the estate of Richard Zirinsky are not trustees of the trust under the will of Ralph Zirinsky and therefore do not have the same measure of duty to the trust as their deceased trustee would have. In fact, the fiduciary of a deceased fiduciary must affirmatively apply to the court under SCPA 2207 (7) in order to obtain all the rights and powers of the deceased fiduciary. Absent such a grant of power, the fiduciary of a deceased fiduciary is only responsible for that property of the estate that comes into his or her possession. However, there is an independent trustee in place for the trust for Robert.
The next issue is whether Jill Zirinsky Hirsch and Linda Zirinsky Gilbert can virtually represent their infant children under SCPA 315 (2) (a) (ii). The court concludes that they cannot. As Professor Turano and Surrogate Radigan describe it, when a future interest will go to a class of persons described in terms of their relationship to the party with the same interest as theirs, only the party and not the class must be cited (Turano and Radigan, New York Estate Administration § 2.11 [b] [1] [B] [2005 ed]). However, the court does not believe this logic applies here. In a sense, these facts pit two seminal virtual representation cases against each other — Surrogate Sobel’s Matter of Putignano (82 Misc 2d 389 [1975]) and Surrogate Radigan’s Matter of Sanders (123 Misc 2d 424 [1984]) — insofar as the distinction between principal interests and income interests are concerned. For the court’s purposes, here a present income interest is not *609 the same as and is possibly antagonistic to a future remainder interest or a future income interest, even with the presence of present sprinkling powers over a class that includes the future remainder/income interests. In any event, SCPA 315 (7) gives the court discretion to appoint a guardian ad litem as the facts indicate. Therefore, the court holds that the infant children of Linda Zirinsky Gilbert and Jill Zirinsky Hirsch require a guardian ad litem to represent them in this proceeding. By separate order the court is appointing Edward A. McCoyd, Esq., who already represents them in a related proceeding.