OPINION OF THE COURT
Edward W. McCarty III, J.
In this uncontested miscellaneous proceeding for advice and direction, a petition has been filed by Margaret 0. Carpenter and Stephen C. Owen, Jr., as trustees of the trust created for the benefit of Margaret O. Carpenter* by article fifth of the last will and testament of Katherine J. Owen. Petitioners seek a decree directing that the optional unitrust provision under EPTL 11-2.4, but not the provisions of EPTL article 11-A, apply retroactively to said trust.
Background
Katherine J. Owen died in 1974, a resident of Nassau County. Decedent’s will, dated April 29, 1965, was admitted to probate by this court on May 8, 1974. The will provides for the creation of a trust (known as Trust Estate II) for the benefit of decedent’s spouse, Stephen C. Owen, Sr. (hereinafter, Stephen Sr.), and decedent’s daughter, Margaret O. Carpenter. Letters of trusteeship for Trust Estate II issued to Stephen Sr. and Margaret. The will further provides that if either trustee can no longer serve, then decedent’s son, Stephen C. Owen, Jr. (hereinafter, Stephen Jr.), will serve. Letters of successor trusteeship were issued to Stephen Jr. on June 5, 2012.
The trustees of Trust Estate II are directed to pay all net income to Margaret during her lifetime. Upon Margaret’s death, the trustees are to pay all of the net income in quarterly installments to Margaret’s issue until Margaret’s youngest surviving child reaches 30 years of age, at which time the trust corpus will be distributed to Margaret’s then living issue, per stirpes. If no issue of Margaret are then living, the trust corpus will be paid to the trustees of a trust created under decedent’s will (known as Trust Estate I), the terms of which are parallel to the terms of Trust Estate II, except that it was created for the benefit of Stephen Jr. and his issue, rather than for the benefit of Margaret and her issue.
*784 Margaret and Stephen Jr. survived the decedent and are still alive; all of their respective children have reached 30 years of age and are under no disability. Accordingly, upon the death of Margaret, the corpus of Trust Estate II will be distributed to her issue, per stirpes. As of November 30, 2011, the value of Trust Estate II was approximately $1,735,764, which generated a return in 2011 of approximately 2.2% or $38,167.
Relief Requested
Petitioners ask the court to direct the application of EPTL 11-2.4 to Trust Estate II retroactively to January 1, 2011. Margaret’s annual distributions from the trust will increase from the current rate of 2.2% to the rate of 4% as provided under the statute. Petitioners also seek court direction that EPTL article 11-A shall not apply.
In connection with this proceeding, petitioners have also raised the issue of virtual representation by asserting that they are not required to serve process on the grandchildren of Margaret or the grandchildren of Stephen Jr., who together are the remote contingent beneficiaries of Trust Estate II. Thus, the court must also determine whether, pursuant to SCPA 315, service upon these individuals is unnecessary.
Analysis
Optional Unitrust Provision
As of January 1, 2002, EPTL 11-2.4 enables a trustee to elect unitrust treatment for a trust in place of the New York Uniform Principal and Income Act created under EPTL article 11-A (5 Warren’s Heaton, Surrogate’s Court Practice § 69.07 [1] [7th ed]). The unitrust treatment may be triggered if a trust so provides, if a trustee so elects, or if a court so directs. The statute “permit[s] a trustee, upon electing unitrust status, to pay to the income beneficiary each year an amount equal to four percent of the value of the trust principal, regardless of the income that the trust has actually earned” (Matter of Heller, 23 AD3d 61, 62 [2d Dept 2005]).
Trust Estate II does not provide for unitrust treatment, the trust having been created under a will executed in 1965, well before the January 1, 2002 effective date of EPTL 11-2.4. The trustees of Trust Estate II cannot elect unitrust treatment under the terms of the statute, as they would have been required by statute to make that election prior to December 31, 2005. Thus, the trustees seek a court direction implementing the uni- *785 trust regime, as allowed under EPTL 11-2.4 (e) (2) (B). This clause provides that
"[a]t any time, the court having jurisdiction of a trust to which this section otherwise would not apply, upon the petition of the trustee or any beneficiary of the trust and upon notice to all persons interested in the trust, may direct that this section shall apply to the trust and that article 11-A shall not apply to the trust.”
Virtual Representation
There is a threshold issue of jurisdiction to be addressed arising from petitioners’ request that this court dispense with service of process on otherwise interested parties by virtue of SCPA 315. The general criteria employed by the courts in applying virtual representation are: (1) similarity of economic interest between representor and representee; (2) the absence of a conflict of interest; and (3) the adequacy of representation (Matter of Dickey, 195 Misc 2d 729 [Sur Ct, Nassau County 2003]; Matter of Putignano, 82 Misc 2d 389 [Sur Ct, Kings County 1975]; Matter of Holland, 84 Misc 2d 922 [Sur Ct, Bronx County 1974]). The representation of class interests (SCPA 315 [2] [a] [ii]) and contingent interests (SCPA 315 [3]) are typical examples of the utility of virtual representation.
The parties interested in this proceeding are Margaret, the trustee and current beneficiary of Trust Estate II, and her issue: her four adult children, who comprise all of the presumptive remaindermen, along with Margaret’s nine grandchildren, the contingent remaindermen, of whom four have not yet reached the age of majority. The more remote contingent remaindermen are the descendants of Stephen Jr., as beneficiaries of Trust Estate I.
Petitioners assert that under SCPA 315 they need not give notice of this proceeding to Margaret’s grandchildren, as they are all virtually represented under SCPA 315 (2) (a) (i), with respect to Trust Estate II, by their respective parents, who are Margaret’s children. All of Margaret’s children have filed waivers and consents to this proceeding. They further assert that it is unnecessary to give notice to Stephen Jr.’s descendants because they are virtually represented by Stephen Jr. pursuant to SCPA 315 (2) (a) (ii).
Virtual representation may be allowed where a two-prong test has been satisfied (Turano & Radigan, New York Estate Administration § 2.11 [b] [2012 ed]):
*786 1. Does the class or person who will be virtually represented fit within the terms of SCPA 315?
Infant members of a class may be represented by “the persons in being who would constitute the class if such event had happened immediately before the commencement of the proceeding” (SCPA 315 [2] [a] [i]).
2. Are the interests of that class or person truly represented by the virtual representor?
The parties who are virtually representing the interests of others must genuinely represent those interests. SCPA 315 (3) provides: “Where an interest in the estate has been limited to a person who is a party to the proceeding and the same interest has been further limited upon the happening of a future event to any other person it shall not be necessary to serve such other person.” The court finds that the interests of the grandchildren of Margaret and the grandchildren of Stephen Jr. are genuinely represented in this proceeding.
Conclusion
In accordance with the provisions of SCPA 315, the court finds that service upon the contingent remaindermen is unnecessary.
The court grants the relief requested and directs that retroactive to January 1, 2011, EPTL 11-2.4 shall apply, and that EPTL article 11-A shall not apply, to Trust Estate II.

 Margaret O. Carpenter is referred to in the will as Margaret O. Van Rensselaer.