In the Matter of the Accounting of EDWARD J. O'CONNOR, as Surviving Trustee under a Declaration of Trust made by ELIZABETH R. PRATT, Deceased, Individually and as Trustee, and Another.

Supreme Court, Special Term, New York County, August 22, 1946.

*Frank J. Tierney* and *Edward J. O'Connor,* in person, for petitioner.

AURELIO, J.  This is a proceeding for the judicial settlement of the accounts of a trustee of an express trust, brought pursuant to article 79 of the Civil Practice Act.  Among other things, the trust provides that upon a contingency specified therein, a portion of the trust is to be divided into three equal shares, one of which is to be held by the trustees in trust, to pay the income to one Mary Roberts Lee during her life, but if she should not then be living, or upon her death, the principal and accrued income is to be paid to her lawful issue then surviving in equal shares per stirpes.  The said Mary Roberts Lee is the mother of a son, Edward E. Lee, aged seven.  The petitioner urges that the said infant is not a necessary party to this proceeding, in view of subdivision (b) of section 1311 of the Civil Practice Act which provides: '' Where an interest in the trust property has been limited to a person who is a party to the proceeding and the same interest has been further limited upon the happening of a future event to a person or persons who are or may be distributees, heirs at law, issue or other kindred of such party, it shall not be necessary to make such distributees, heirs at law, issue or other kindred parties to the proceeding, and the proceeding shall be binding and conclusive upon them.''

Since Mary Roberts Lee has been named as a party to the proceeding, and has been duly served, it is contended that it is not necessary to make the infant a party.  But this section applies only where an interest in the trust property is limited to a party '' and the same interest '' has been limited further upon the happening of a future event.  The life estate in the income of the trust granted to Mary Roberts Lee is not the same interest as the remainder in the principal granted to her son.  (See Ninth Annual Report of N. Y. Judicial Council, 1943, p. 311, comment 2.)  Accordingly, a guardian ad litem for the infant Edward E. Lee will be appointed.  Submit order.