John D. Bennett, S.
This is an accounting proceeding in which the sole executor is accounting to himself and another as cotrustee of the residuary trust.
The corporate cotrustee has raised an objection to the failure to cite the remaindermen of the residuary trust as necessary parties to this proceeding under subdivision 10 of section 262 of the Surrogate’s Court Act. Subdivision 10 provides in part that where an accounting executor “ accounts to himself in a separate capacity * * * as a trustee * * * it shall not be sufficient to cite or obtain the appearance of the accounting party in such separate capacity only but in addition there shall be cited * * * all persons interested in the trust of which the accounting party is trustee.”
The petitioner resists citing the remaindermen of the trust, on the ground that the provisions of subdivision 10 apply only where a fiduciary is accounting to himself alone, and not, as here, where he is accounting to himself and another, citing Matter of Buck (267 App. Div. 328).
The court is of the opinion, however, that this is too narrow an interpretation of the broad and beneficial policy which subdivision 10 expresses. Although in Matter of Busto (173 Misc. 25, affd. 258 App. Div. 980), the facts were somewhat reversed, in that two cotrustees were accounting to one of their number in a separate fiduciary capacity, the following language at page 28 is nevertheless significant here: ‘ ‘ While the statute does not in express terms include a situation where there are cotrustees, only one of whom acts in a dual capacity, its objective could be defeated by the passive attitude of one or the collusion of both. The experience of the surrogate is that fiduciaries do not generally question the acts of each other. Where the trustees are in harmony and account jointly neither can hardly be regarded as a disinterested or ideal champion of the absent parties. In such situation, no protection would be afforded them. Furthermore, trustees, however numerous, constitute in law a single person. They all form, as it were, one collective trustee.”
Because of the possibility of subsequent attack upon the accounting herein by the remaindermen on the basis of the theory that the trustees constitute in law a single person, this court feels that the corporate cotrustee is entitled to the protection it seeks herein by making such remaindermen parties 1o the proceeding.
The petitioner will be required to complete jurisdiction by citing all persons interested in the residuary trust.