William J. Regan, S.
This is a judicial settlement proceeding instituted by the executors, Gerald J. Snyder, T. James Snyder, and the Marine Midland Trust Company of Western New York. The testator, Mahlon C. Snyder, died on August 12,1962 leaving a last will and testament dated June 28, 1962, which will was offered for probate on August 27, 1962. Letters testamentary and letters of trusteeship were issued to the petitioners on August 27,1962.
In this accounting the petition cites the following persons as the only interested parties: Catherine V. Snyder, widow, Eileen S. Murray, daughter, Joan M. Dutt, daughter, T, James Snyder, son and trustee, Gerald J. Snyder, son and trustee, and Marine Midland Trust Company, trustee. The executors, by *696 their attorney, Omar G-. Olds, contend that the contingent income beneficiaries-remaindermen under the trust as set forth in the last will and testament of Mahlon C. Snyder need not be made parties to this proceeding in view of SOPA 315.
The trust provides that all the shares of stock of the Snyder Tank Corporation and of the Sheridan Plaza, Inc., and $30,000 is to be placed in trust with the income therefrom payable weekly to the testator’s four children; upon the death of a child his share of the income is to go to his issue and, if there is no issue, to his distributees. The trust is to terminate upon the sale or other disposition by the trustees of all the shares of the Snyder Tank Corporation and in any event upon the death of the last survivor of the grantor’s children. Upon termination the corpus of the trust is to be divided equally among the four children, the share of a deceased child to be paid to his issue or, if there be no issue, to his distributees.
The four children are all living and of full age. Two of them, of course, as above indicated, serve in the dual capacity of executors and trustees. Each of the parties has a child or children, all under the age of 21 there being 14 infants in the aggregate. It is contended that these infant children, by reason of SOPA 315, are virtually represented by their respective parents, who are parties to this proceeding.
The question that arises is whether the issue of the grantor’s children as they presently exist and all of whom are presently under 21 years of age, are necessary parties. One of the criteria in arriving at a determination, as pointed out in prior case law as it was applied to the applicable sections of the- Civil Practice Act pertaining to inter vwos trusts and as further pointed out by the Commission on the Law of Estates (Third Report, N. Y. Legis. Doc., 1964, No. 19, Report No. 4.1c, Virtual Representation) is that the interest that the issue have in the trust be the same as that of their parents. It is to be noted that if the trust takes its normal course and is not terminated by the sale or disposition of the Snyder Tank Corporation stock that none of the children will receive the corpus of the trust. In this respect they occupy the position solely of income beneficiaries and as such their interest is not the same as that of their issue. As stated in Scott on Trusts (vol. 2, p. 1257) the interests of an income beneficiary and a remainderman are to a certain extent antagonistic. This is that type of situation where one cannot help but conclude that the interest of issue is adverse to that of ancestor-parties whereby the issue constitute a necessary party to the proceeding. (Matter of Lachlcm, 24 Misc 2d 323.)
*697 The children of the grantor may well argne that this trust can be terminated by them at will by the mere sale or disposition of the Snyder Tank Corporation stock, in which case they take as remaindermen. Again, this argument serves nothing more than to emphasize to this court that where the present income beneficiaries can, by a mere stroke of the pen, eliminate completely the interest or prospective interest, whether it be that of income beneficiaries or remaindermen of their respective issue, the interest of the issue must of necessity be adverse to that of their parents.
If we look at the situation as one where the present parties to this proceeding have the dual interest of presumptive income beneficiaries-remaindermen, if such an interpretation is applicable, then, too, such persons may not represent subsequent contingent income-remainder interests. (Matter of Blake, 208 Misc. 22.)
In any event, SCPA 2210 (subd. 10) as amended and effective September 1, 1967, convinces this court that process shall issue to all parties interested in the trust, including contingent beneficiaries and remaindermen.
In view of the above, this court is not completely satisfied that the representation of the interest of the infants is adequate and accordingly decides, and it is hereby decided, that all of such infants be served and be made parties to this proceeding.