Samuel J. Silverman, S.
The court is presented with a question as to the proper application of the new virtual representation statute, SCPA 315.
A surviving trustee has filed a petition for a voluntary accounting in which it is alleged that certain contingent remaindermen are persons interested in the estate, but are not required to be cited under SCPA 315. The trust was established pursuant to article eourth of the will of the decedent which provided that the income of said trust was to be paid to decedent’s brother, Edward Woolston Sage, and after the latter’s death to a niece (the brother’s daughter). Upon the death of the brother and niece, the principal was given to two nephews, Edward Woolston Sage, Jr. and Richard Stockton Sage, provided, however, that if either of them predeceased the income beneficiaries then their issue were to take per stirpes. Edward Woolston Sage (the brother), who had qualified as executor and trustee of this estate, died on May 9, 1967. His son, Richard Stockton Sage (a nephew-remainderman) was appointed as *780 executor of his will. The petition states that the infant contingent remaindermen (children of the nephews) are virtually represented by their respective fathers, Edward Woolston Sage, Jr. and Richard Stockton Sage, and that therefore they need not be cited under SCPA 315.
As to the child of the nephew, Richard Stockton Sage:
The present account involves the proceedings of the surviving trustee and the deceased trustee, Edward Woolston Sage. As executor of the deceased trustee, the nephew, Richard Stockton Sage, will be under a fiduciary duty to defend the proceedings and activities of the deceased trustee. This would be in conflict with any duty on behalf of beneficiaries to examine that account critically and to make any appropriate objections thereto. In addition, under SCPA 2215 (subd. 3) the court may order the estate of a deceased primary income beneficiary to repay any excess amounts received, presumably for the benefit of the principal remaindermen. As executor of the income beneficiary’s estate, the nephew, Richard Stockton Sage, is under a fiduciary obligation to resist such claims, thus being in opposition to the possible interest of himself and the contingent remaindermen whom he is claimed to virtually represent. For these reasons and pursuant to SCPA 315 (subd. 5) the court deems that the representation of Richard Stockton Sage, Jr., the infant child of Richard Stockton Sage, a nephew, may be inadequate and the court directs that such infant be cited.
As to the children of the nephew, Edward Woolston Sage, Jr., the court sees no conflict of interest and believes that his children are adequately represented by him and therefore they need not be cited in this proceeding.