Samuel J. Silverman, S.
A question as to the applicability of the virtual representation statute, SCPA 315, has arisen in this probate proceeding.
A codicil to the testator’s will makes a bequest of $20,000 to a nonrelative and consequently the residuary estate and all persons sharing therein are adversely affected by the codicil and must be cited as to the probate of the codicil. The question is whether minor great-grandchildren are virtually represented by their parents, the grandchildren, who are all adults alive and not under a disability.
The will sets up various trusts in the residuary during the lifetime of testator’s son and daughters and directs that the income during their lifetime be paid to each .such child and his children (ie. testator’s grandchildren) then living, in the trustees ’ discretion. On the death of each child of testator, the principal is to be paid over to that child’s descendants, per stirpes. Thus, testator’s grandchildren have a contingent beneficial interest in income and in the remainder of principal, while the great-grandchildren have an interest only in the remainder of principal.
Were it not for .the interest of the grandchildren in income there would be no question as to the applicability of the virtual representative statute. SCPA 315 (subd. 2, par. [a]) provides-:
‘ ‘ Where an interest in the estate [here the remainder] has been limited as follows, it shall not be necessary to serve process on any other person than as herein provided: (i) In any contingency to the persons who shall compose a certain class [here the children’s descendants per stirpes] upon the happening of a future event, [here the death of a child], the persons in being [here the grandchildren] who would constitute the class if such event had *175 happened immediately before the commencement of the proceeding.” Thus, this case fits literally within the virtual representation statute.
However, the statute goes on to provide that the court may require that any person be served if the court deems that the representation of that person’s interest is or may be inadequate. (SCPA 315, subd. 5.) Thus, the question for the court is whether the fact that the grandchildren have a contingent income interest in addition to their contingent remainder interest makes the representation by the grandchildren of the great-grandchildren inadequate. I do not think it does. At least, in this probate proceeding, I see no reason why the fact that the grandchildren also have possible income interests should rule out virtual representation. The interests of the grandchildren in both income and principal are just as adversely affected by the codicil as are the interest of the great-grandchildren in principal. There is no conflict.
It may be that a different result might be appropriate if this were an accounting proceeding during the lifetime of a life beneficiary when conceivably the interests of the grandchildren in income might conflict with the great-grandchildren’s interest in principal. (Cf. Matter of Pratt, 188 Misc. 170 [Sup. Ct., N. Y. County, 1946]; Matter of Snyder, 54 Misc 2d 695 [Surrogate’s Ct., Erie County, 1967]; Looker, Virtual Representation, 34 Brooklyn L. Rev. 395, 402, n. 27 [1968].) But on this proceeding for the probate of this codicil, I think that the representation of the great-grandchildren is adequate.
Accordingly, I hold that the great-grandchildren are virtually represented by their living parents and that it is not necessary to cite the great-grandchildren.