Pierson B. Hildreth, S.
In this probate proceeding a will dated June 16, 1960 together with a codicil dated August 20, 1966 are offered for probate. Proof of the will and codicil has been made by affidavits of the attesting witnesses pursuant to SCPA 1406. It appears that the will and codicil were duly *966 executed and that at the time of execution the decedent was in all respects competent to make a will and not under restraint. Being satisfied with the genuineness of the will and codicil and the validity of their execution they are admitted to probate.
Decedent was survived iby his wife and three adult children as his sole distributees. Under article Fifth of the will decedent left his residuary estate in trust, with net income to.his wife for her life and the principal upon her death to his issue then living per stirpes. Such class of issue is presently composed solely of the decedent’s three adult children. By article Fourth of his will decedent gave $15,000, if his wife did not survive him, to his sister if she survived him. By the codicil decedent revoked article Fourth of his will and instead gave an absolute legacy of $15,000 to his 'brother. Since decedent’s wife did survive him, the effect of the codicil is to reduce the residuary estate, as it would have existed without the codicil, by the amount of the legacy given by the codicil. In this proceeding petitioner has cited living infant children of decedent’s three adult children. Such infants are potential or presumptive “issue ” of decedent who might take the principal of the trust on death of decedent’s wife if any of decedent’s own children predeceased the wife leaving issue who are living when the wife dies. Petitioner has suggested that a guardian ad litem should be appointed for such several infants whom petitioner has made parties to this proceeding alleging that they were adversely affected by the codicil.
The provisions of SOPA 315, referred to as virtual representation, apply to a probate proceeding (SOPA 1403, subd. 1, par. [h], formerly par. [g]). Under SOPA 315 (subd. 2, par. [a], cl. [r]) when an interest in an estate is limited “In any contingency to the persons who shall compose a certain class upon the happening of a future event ”, it is not necessary to serve process on any other person than “ the persons in being who would constitute the class if such event had happened immediately before the commencement of the proceeding.”
The persons in being who would constitute the class described as “ issue ” of decedent if the contingency of death of the wife happened immediately before the commencement of this probate proceeding are decedent’s three adult children. They, and they only, compose the class described as ‘ ‘ issue. ’ ’ Accordingly, they only are the persons upon whom process is necessary, unless the court deems that such representation of another person’s interest might be inadequate and requires that he be served. (SOPA 315, subd. 5.) The court here has made no such requirement and does not deem that the representation *967 of potential ¡members of the class of issue by the persons now in being who presently compose the class is in any way inadequate.
Accordingly, the court determines that the several infants who were cited as children of decedent’s children are not necessary parties to this proceeding.
It is the opinion of the court that the provisions of SOPA 402 that an infant appear by guardian ad litem when no appearance is made by guardian implies that such infant be a necessary party with an interest requiring protection. The infants here, being represented by the persons who presently constitute the class of issue under SOPA 315, have no interest requiring protection, and, not being necessary parties, there is no necessity or basis for the designation of a guardian ad litem to appear for them. Accordingly, no such designation is made.