Samuel J. Silverman, S.
A question as to the applicability of SCPA 315, the virtual representation statute, is presented. The question is whether in this accounting proceeding decedent’s son James may be said virtually to represent his infant son, decedent’s grandson, Hugh, so as to avoid the necessity to make the infant a party or appoint a guardian for him.
The most difficult question arises under Article Eighth of the will which for present purposes directs that one half of the residuary estate shall be held in trust for testator’s son James until he shall reach the age of 35, with the income payable to the son, and the principal to go to the son in various fractions at various ages, the entire balance to go to him at the age of 35; but if the son dies before age 35, the entire principal is to be paid to the son’s issue per stirpes. The son James is now 32 years of age; he has a son Hugh, age one year.
The virtual representation statute (SCPA 315) logically falls into two parts: (1) The definition of the situations in which there may be virtual representation, and (2) a general provi *646 sion that “ Notwithstanding the foregoing, if the court deems that the representation of a person’s interest is or may be inadequate it may require that he be served.” (SCPA 315, subd. 5.)
As to the first question under the statute, it seems to me that this is a situation within the classes to which the statute applies. SCPA 315 (subd. 3) provides: “ Representation of contingent remaindermen. Where an interest in the estate has been limited to a person who is a party to the proceeding and the same interest has been further limited upon the happening of a future event to any other person it shall not be necessary to serve such other person.”
The contingent interest in principal that the grandson Hugh has seems to fall exactly into this definition. It also falls into the category defined by subdivision 2 (par. [a], cl. [ii]). As I indicated in Matter of Fuller (57 Misc 2d 174 [1968]), I do not think that the fact that the son has an interest in income in addition to his interest in principal takes the ease out of the definitions of the statute.
As to the second question that arises under the statute, whether the Surrogate deems the representation of the grandchild inadequate, I held in Matter of Fuller (supra) that the representation was not inadequate in the probate situation there involved. I indicated that a different result might be appropriate in an accounting proceeding. This case presents at least one phase of the question which I reserved in Matter of Fuller.
I hold that in the present case the representation of the grandson’s interest by the son is or may be inadequate and therefore that the grandson is not virtually represented by the son in this accounting proceeding.
An inevitable question on any accounting proceeding is whether the recipient of moneys paid out was entitled to those moneys. In the present case, so far as the infant contingent remainder-man is concerned, the question arises in two ways: (a) Should items which were paid out as income have been reserved as principal? (b) Were payments which were made as principal properly paid out or should they have been withheld? As to approximately one half of the payments made, the recipient was the son James, and the question thus is whether these payments to James were proper. On that question, clearly James, the recipient of the moneys, cannot adequately represent the infant to whose financial interest it would be to say that these payments should not have been made.
Accordingly, it will be necessary to make the grandson a party to this proceeding by citation, with appropriate guardianship.