S. Samuel Di Falco, S.
The court holds that citation must issue to Christine E. Trigger, who has contingent interests in the principal of one of the trusts. Her father is the income beneficiary of that trust and has power to appoint the remainder. Principal is payable to him at ages 25 and 35 and the trust will end if he lives until age 35.
A person contingently interested in a trust must be cited in an accounting (SCPA 2210, subd. 9) unless it is otherwise provided in SCPA 315. Under subdivision 2 of that section (par. [a] [ii]) and subdivision 3, it is necessary to serve only the one who is an essential party to the proceeding where an interest in the estate has been limited to that party ‘ ‘ and the same interest has been further limited upon the happening of a future event ’ ’ to others.. (Italics added.) One who is presently interested in the income of a trust and has also expectant interests in principal does not have “ the same interest ” as one who has no interest whatever in income but only in the principal. That interpretation necessarily comes not only from the explicit text of the statute but is manifest also from its statutory history. SCPA 315 was enacted upon the recommendation of the Temporary State Commission on the Law of Estates. Its purpose, as set forth in the legislative note, “ ‘ is to extend to testamentary trusts substantially the same provisions which now exist as to inter vivos trusts (§ 7703, Civil Practice Law and Rules, formerly § 1311, Civil Practice Act) in regard to virtual representation of certain contingent remaindermen.’ ” (McKinney’s Cons. Laws of N". Y.. Book 58A. SCPA 315, p. 377.) The commission study, *111 which was submitted to the Legislature, analyzed decisions of the Supreme Court construing the statute from which section 315 was derived. With respect to the term, “ the same interest ”, the study concludes: 1‘ It is clear that a present income interest is not the same as and is antagonistic to a future remainder interest. It seems equally clear that a contingent income interest, whether or not coupled with a contingent remainder interest, is not the same as a pure remainder interest even though actual antagonism is less apparent. In view of the fact that a contingent income beneficiary-remainderman is in a somewhat ambiguous position at an accounting, it is difficult to find fault with the proposition that such a party should not be permitted to represent pure remainder interests.” (Third Report of the Temporary State Commission on the Law of Estates, p. 284, Combined Reports, p. 872 ; N. Y. Legis. Doc., 1964, No. 19, p. 284.)
True, it has been held that an income beneficiary-remainder-man and a contingent remainderman have 1 ‘ the same interest ’ but it was also ruled in the same case that the respective interests are such that the representation of the remainderman by the income beneficiary “ is or may be inadequate and therefore that the [former] is not virtually represented by the son in this accounting proceeding. ’ ’ (Matter of Borax, 60 Misc 2d 645, 646.) Thus the result indicated in the Commission Report is reached although by a different path. It seems to the court more consistent to say that the two interests are not the same than to say that they are the same but have differences deep enough to view the representation of one by the other as inadequate.