John D. Bennett, S.
In this probate proceeding the question of whether the decedent’s grandchildren would be adequately represented by the decedent’s children has been submitted for decision.
The decedent executed a will on November 6, 1964 and it was provided therein that out of his residuary estate his surviving spouse was to receive the usual marital bequest and the balance was to be held in trust for her life with the remainder to be paid to his children if they survived his surviving spouse and attained certain ages.
The,decedent is survived by his spouse and his two children who have attained the ages mentioned under his will. The decedent’s grandchildren would take only in the event that his children failed to survive his surviving spouse and accordingly as far as the will is concerned grandchildren would be adequately represented by virtual representation pursuant to SOPA 315. However, the decedent executed two codicils, one of which was executed on February 18, 1966 and provided for outright bequests of $10,000 to each of his children who survived him. If the will and codicil were probated, the children by way of the codicil would receive $10,000 outright and would be contingent remaindermen of the trust created for the benefit of the decedent’s surviving spouse. As a result of the codicil, there is a conflict because the children’s interest and the grandchildren’s interest are no longer similar because of the outright bequests provided for the children under the codicil. The attorneys for the proponents rely on Matter of Winn (58 Misc 2d 965) and Matter of Fuller (57 Misc 2d 174). In those cases, the subsequent codicil provided outright bequests for persons other than the decedent’s children and there was no conflict between the children’s interest and their issue.
When a conflict arises, the court must see to it that contingent remaindermen are adequately represented (see Matter of Sage, 54 Misc 2d 779; Matter of Borax, 60 Misc 2d 645). The decedent’s children receive greater benefits if the codicil is probated, *945 while the infant’s interest would be adversely affected if the codicil were probated. Accordingly, citation must issue to the decedent’s infant grandchild.