Arnold L. Fein, J.
A fiduciary in one cápacity is, in effect, here accounting to itself as a cofiduciary in another capacity, although it is also accounting to its cofiduciary in the second capacity. Although SOPA 2210.10, as amended by chapter 551 of the Laws of 1969, eliminates the requirement that process issue to all persons interested in the estate of a deceased beneficiary, where ‘1 the accounting fiduciary has in said separate capacity one or more co-fiduciaries who are not his co-fiduciaries in his accounting capacity ”, the safer practice would seem to require service of notice on all contingent beneficiaries and remainder-men. (See Matter of Miles, 31 Misc 2d 464; Matter of Snyder, 54 Misc 2d 695.)
The statute does not appear to be mandatory. As stated in Miles {supra, p. 465), “ ‘ fiduciaries do not generally question the acts of each other. * * * neither can * * * be regarded as a disinterested or ideal champion of the absent parties. * * * Furthermore, trustees, however numerous, constitute in law a single person. They all form, as it were, one collective trustee. ’ * * *
“ Because of the possibility of subsequent attack upon the accounting herein by the remaindermen on the basis of the theory that the trustees constitute in law a single person ”, it is appropriate that process issue making the contingent beneficiaries and remaindermen parties to this proceeding.
Accordingly, it is directed that the petition be amended to include such parties and provision be made for process to issue making them parties to this proceeding.