Millard L. Midonick, S.
In this proceeding by the executor to determine the validity of an election made by one claiming to be the lawful widow of the decedent, petitioner asserts that under SOPA 315 it is unnecessary to cite infant contingent remaindermen of the trusts. The will creates two separate trusts for decedent’s two children, the son’s to continue until he attains the age of 35 years and the daughter’s until age 40. Each child receives the income of the separate trust until the specified age is reached, at which time the principal is to be paid to him or her. There is authority in the trustee to invade principal. If a child should die before the trust terminates, the principal is to be paid to his or her issue. Both children are living adults and have infant children.
The question is whether a child has “ the same interest ” as hiá issue (S'CPA 315, subd. 2, par. [a], cl. [ii]). Strictly speaking, an interest in income coupled with a contingent interest in principal is not the same legal interest as a pure remainder interest (Third Report of Temporary State Comm. on Law of Estates, 1964, p. 284; Matter of Trigger, 66 Misc 2d 110 [Di Falco, S.]; Matter of Childs’ Trust, 129 N. Y. S. 2d 830). An income interest and a principal interest are, as has been said, “to a certain extent antagonistic ” (3 Scott, Trusts [3d ed.], § 232, p. 1895). Certainly in an accounting proceeding it would be necessary to cite the infant contingent remainder-men (Matter of Trigger, supra; Matter of Borax, 60 Misc 2d 645), where though it was said that the interests were 11 the same interest ”, they were held to be different enough to make the representation of one by the other, inadequate). The type of proceeding may well be a deciding factor in the characterization of the interests.
Matter of Fuller (57 Misc 2d 174) was a probate proceeding in which the terms of a codicil made it necessary to cite persons interested in the trust created by the will. There, as here, the question was whether an income beneficiary with contingent remainder interests had the same interest as a remainderman. Judge Silverman ruled that their interests in that proceeding were identical, both taking interests under the will and both adversely affected by the codicil to the same extent. That determination, incidentally, has been confirmed *653 by the Legislature (L. 1976, ch. 70). A new subdivision relating only to probate proceedings provides that the interests shall be deemed to be “the same interest”, whether the respective interests are in income or principal, or both, so long as they have a common interest in proving the will and the person representing others would not receive a greater financial benefit if the will were denied probate.
In the effort to avoid unnecessary guardianship expenses, the intent of the statute seems to be that where the type of proceeding is such that both interests would lose or both would gain, then income and principal interests, or present and future interests, can be represented as the “ same interest” by the parent or other relative as representing issue or still other relatives, by virtual representation. On the other hand, when one such interest might lose and the other gain, then they cannot be deemed the same interest because of a conflict of interest.
In the present proceeding, all those who are interested in the trust have a common interest in defeating the claim of the alleged widow. If she were to succeed, income beneficiary and remaindermen would be affected financially in the very same way, each in proportion to his own interest in the fund. Hence it can fairly be said that they have the same interests, and the court so holds.