OPINION OF THE COURT
Raymond C. Baratta, S.
In this , proceeding an order to show cause has been brought by petitioners requesting that the respondent issue a citation to be personally served upon the remaindermen of the testamentary trust established in the last will and testament of the decedent.
The decedent died September 2, 1972, and on May 3, 1973, letters testamentary were issued to the respondent, Murrell *761 Baker. Baker retained Benjamin P. Roosa, Jr., as attorney for the estate. A final account has been presented to this court together with a petition for judicial settlement. Schedule "G” of the accounting lists Baker and Roosa as the only necessary parties to this proceeding.
By paragraph "Third” of decedent’s will the remainder or residue of his estate is to be placed in trust with the net income to be paid to Baker during his lifetime and upon his death the principal is to be paid to the children or their issue per stirpes of the decedent’s cousin, Ada Shafer Smith. Further, pursuant to the provisions of this will, Baker was designated a cotrustee of the afore-described trust along with Roosa.
Respondent contends that SCPA 2210 (subd 10) requires that process be issued only to the cotrustees inasmuch as the beneficiary’s interest is being protected by the "independent trustee” Roosa.
Prior to the amendment to SCPA 2210 (subd 10) in 1969, it was necessary to cite the trust beneficiaries in a situation such as here where there were more than one trustee and less than all the trustees also served in the capacity of executor. (Matter of Miles, 31 Misc 2d 464.) However, effective September 1, 1969, SCPA 2210 (subd 10), (see L 1969, ch 551) was modified to eliminate the necessity of citing the trust beneficiaries in this type of situation. In a note appended to chapter 551 of the Laws of 1969, the Surrogates’ Association indicated that this change "would avoid the necessity of citing in accounting proceedings numerous beneficiaries who are represented by an independent trustee or guardian or committee, that is, one who although a co-fiduciary of the accountant in the respondent estate or fund, is not his co-fiduciary in the estate or fund being accounted for.”
The affidavits in opposition to the relief requested of both Baker and Roosa indicate that Roosa prepared and filed the account and petition to judicially settle same.
In Matter of United States Trust Co. of N. Y. (71 Misc 2d 996), it was held that although SCPA 2210 (subd 10) as amended eliminates the requirement that process issue to all persons interested in the estate of a deceased beneficiary in circumstances similar to which we have here, the safer practice would seem to require service of notice on all contingent beneficiaries and remaindermen. Since a decree discharging the fiduciary is not binding on parties over whom the court *762 did not obtain jurisdiction, notice to contigent beneficiaries and remaindermen may be more prudent where the cofiduciary is the legal representative of the accountant.
Although the rationale as expressed in the note of the Surrogates’ Association is valid and the amendment to SCPA 2210 (subd 10) is appropriate in most situations, this court feels that under the facts presented here that process should issue to the remaindermen on this accounting.
The amendment of SCPA 2210 (subd 10) is construed to envision a truly independent trustee to represent the interests of the beneficiaries. In this situation the cotrustee who is not the accounting party is the attorney for the accounting party and prepared the account on his behalf. These certainly could not be the circumstances envisioned when the amendment was enacted eliminating notice to the beneficiaries.
Accordingly, it is directed that the petition be amended to include the remaindermen and provision be made for process to issue making them parties to this proceeding.