OPINION OF THE COURT
Millard L. Midonick, S.
There are accounting proceedings before the court filed by *371 the executors and trustees under the decedent’s will. The executors and trustees are the decedent’s widow, his son Walker and a nonrelated party who is a retired officer of the decedent’s family business which represents the most substantial asset of the estate and trusts. Two of the interested parties are Walker’s two minor children, grandchildren of the decedent, who have contingent remainder interests in the estate and trusts. Walker is a fiduciary and is also one of the primary contingent remaindermen of the estate and trusts. The decedent’s widow is the income beneficiary of the estate and trusts. It is contended that Walker can virtually represent the interests of his two children, thus obviating the need for a guardian ad litem to represent their interests in these accounting proceedings.
We have been unable to find any case since the adoption of SCPA 315 which has allowed virtual representation in proceedings in the Surrogate’s Courts where the representor, in addition to having the same interest in remainder as the representee, is also an accounting fiduciary. It is clear that the courts are extremely cautious in allowing virtual representation (Matter of Silver, 72 Misc 2d 963) and those courts which have applied virtual representation do so only if convinced that the interests of the class to be represented are likely to be adequately safeguarded (SCPA 315, subd 5). Thus, the test has been held to be adequacy of representation.
Surrogate Silverman in Matter of Sage (54 Misc 2d 779, 780), when faced with a question somewhat to the one facing us here, stated: "As executor of the deceased trustee, the nephew * * * will be under a fiduciary duty to defend the proceedings and activities of the deceased trustee. This would be in conflict with any duty on behalf of beneficiaries to examine that account critically and to make any appropriate objections thereto.”
As in the Sage case, in the present case, it is this court’s determination that the decedent’s son Walker could not adequately represent his minor children in view of the fact that he is a fiduciary of the estate and would not be in the independent position to object to acts by the fiduciaries even if such objection would be of benefit to his individual remainder interest in the trusts. Accordingly, it is deemed that, pursuant to SCPA 315 (subd 5), the representation of the minor children of Walker may be inadequate and the court directs that such *372 children be cited and that a guardian ad litem be designated to represent their interests.
The court would also like to discuss other arguments made by the attorneys for the fiduciaries in support of their position that virtual representation applies even though such matters are extraneous to the decision herein. It is contended that the other two fiduciaries can safeguard the interests of the minor children. The court cannot agree with this contention since one of the fiduciaries is the widow of the decedent and is the income beneficiary of the trusts. It may be that she has an interest in the preservation of principal and does not desire high income, as the attorneys contend; nevertheless, the provisions of the virtual representation statute can in no way be interpreted so as to permit her representation of the infant remaindermen and the court must assume that she is in a conflicting position with these remaindermen since she is the sole income beneficiary of the trusts and has been receiving payments of income therefrom (cf. Matter of Borax, 60 Misc 2d 645; Matter of Sherry, NYU, Feb. 1, 1978, p 11, col 2). The third fiduciary is alleged to also be a disinterested independent party. Nevertheless, as fiduciary, he will also be in a position of defending his account. Also, this fiduciary has no "relationship” to the minor grandchildren of the decedent as required by SCPA 315 (subd 2, par [a], cl [ii]). Moreover, it has been brought to the court’s attention that the major asset of the estate and trusts is the decedent’s family-owned company, and this third fiduciary is a retired officer of such company. It is unlikely that he could adequately represent the interests of remaindermen who might wish to review the operations of the company and the providence of the decision of the fiduciaries to retain the shares of the company in the estate and trusts. It should also be noted that the decedent’s son Walker is chairman of the board of the company and, thus, also may be in a conflicting position with the interests of the remaindermen in connection with the operations of the company.
In accordance herewith, the court will be designating a guardian ad litem and directs that the minor children be cited herein; the guardian ad litem will limit consideration to necessary problems regarding his infant wards at reasonable cost to the estate and trusts. Assuming that the thoughtful and considered letter presentations of counsel for the accounting fiduciaries correctly summarize the excellent history of the family business and the prudent management of this *373 estate, the guardian will have a relatively simple investigation resulting in approbation. No company secrets need be spelled out in the guardian’s report, and surely none will be available to the public if requested to be sealed.