OPINION OF THE COURT
Millard L. Midonick, S.
This petition by the executor for the final judicial settlement of its account presents a complex issue with respect to the application of the provisions for virtual representation in SCPA 315 because the class of present income beneficiaries who would be the logical virtual representatives here have received a significant distribution of income from the executor.
The petitioning executor here is Morgan Guaranty Trust Company of New York. The trustees are Morgan Guaranty and decedent’s grandson. SCPA 2210 (subd 10) usually obviates the need for the joinder of all of the persons interested in a trust when, as here, there is an independent cotrustee to whom the executor (who is also a trustee) can account. Presumably the executor wishes to join all parties interested in the trusts here because the individual cotrustee is one of the income beneficiaries to whom the executor made a distribution of income.
The decedent divided her residuary estate into five equal shares in article Fifth of her will. In subdivision A of that article she created a trust measured by the life of her daughter Inez. The income of this trust is payable to Inez for her life but the trustees are also authorized to sprinkle income among Inez’ issue per stirpes living at the time of payment. On Inez’ death, which occurred on December 1, 1976, the principal of this trust is to be added to the trust of the remaining four shares of the residue under subdivision B, which is the other trust here in question. The term of this subdivision B trust is measured by the lives of testatrix’ great grandchildren (the grandchildren of her daughter Inez), or 21 years after the death of the survivor of her issue living at her death, whichever occurs first. Trust income is to be paid to Inez’ issue per stirpes as living when payment is made. Upon the termination of the trust the principal is payable to Inez’ then living issue per stirpes, and if none, to the then living issue of testatrix’ brother per stirpes. Principal may be invaded for the benefit of current income beneficiaries but no such invasion has occurred.
*801 Testatrix was survived by her daughter Inez, Inez’ four adult children, and by their four infant children. No issue of testratix has been born since her death.
Distributions of income (approximately $46,000 each) were made by the executor to Inez’ four children, who are presently the only income beneficiaries. Their children, who are the class sought to be virtually represented, are secondary income beneficiaries. Since their lives admeasure the trust term, the only principal payable to them would be by virtue of the trustees’ discretionary power of invasion. While they have no interest in the trust income during their parents’ lives, they must be deemed to be interested in the trust principal as the source of their future interest in the trust income.
It is petitioner’s position that the interest of these infant grandchildren of testatrix’ daughter is represented in two ways: petitioner points first to their parents, the primary income beneficiaries, as the virtual representatives on the ground that their interests are identical. The requirements of SCPA 315 (subd 2, par [a], cl [ii]) might be satisfied (see Matter of McAllister, NYLJ, Sept. 29, 1978, p 14, col 4, permitting virtual representation with respect to successive income interests) had there been no distribution of income to the testatrix’ grandchildren. Their interest is no longer merely the proper funding of the trusts but necessarily becomes an interest in supporting the payments made to them which conflicts with the interest of their children. (Cf. Matter of Sunderhauf, NYLJ, Aug 2, 1978, p 11, col 2; Matter of Sherry, NYLJ, Feb 1, 1978, p 11, col 2 and the cases cited therein.) The rationale in Sherry and the line of cases it represents is that an accounting proceeding presents the issue of whether the recipients of moneys paid out were entitled thereto, and, because of their conflicting positions on that issue, the grandchildren do not have the requisite "same interest” in this proceeding as their children. (SCPA 315, subd 2, par [a], cl [ii].) In addition, Sherry rejects the suggestion that a guardian be appointed for the infants solely with respect to the propriety of the income payments made and that virtual representation be allowed for the balance of the account. Such a bifurcation of the infants’ representation would be even less appropriate in this case. Unlike Sherry, where the proffered representative class were secondary income beneficiaries, the grandchildren here are primary income beneficiaries and thus have a different interest from that of their children as to the executor’s allocation *802 of receipts between principal and income, even where there has been no distribution. As primary income beneficiaries their interest is not merely the maximum funding of the trust (see Matter of Sunderhauf, supra), but in the executor’s allocation of receipts to the income account which will ultimately be paid over to them by the trustees.
Petitioner’s second contention is that the infants’ interests with respect to the trust principal can be virtually represented by the children of testatrix’ brother who are contingent remaindermen. It is contended that these nephews are in fact the presumptive remaindermen of the trusts as the prior contingent remaindermen are presently "unborns”. The statutory language on which such representation must needs be based is SCPA 315 (subd 2, par [a], cl [ii]) which requires that the class to be represented have an interest which arises after the interest of the representative class — "upon the happening of a future event” — and also that the represented class be "described in terms of their relationship to” the putative representative. Neither of these requirements would be satisfied. (Matter of Bingham, 97 Misc 2d 370.)
This court has broadly construed the statutory requirement that representative and represented have the "same interest” (Matter of Sunderhauf, supra), so as to obviate the joinder of infant parties where there was identity of economic interest. Applying a similar approach here, however, produces a contrary result. The interest in the trust principal which can be attributed to a class of very remote remaindermen, i.e., the nephews, does not coincide with that of the secondary income beneficiaries whose interest is contingent solely on surviving their parents. Both the requirement of relationship and the requirement that the representative class have an interest prior to that of the represented class operate to reinforce the motivation of the representatives and that re-enforcement is lacking here.
Even if these requirements were satisfied here, the court would be constrained to invoke the provisions of subdivision 6 of the statute and require joinder of the great grandchildren on the ground that the proffered representation of their interests is or may be inadequate. (See Matter of Eyre, 133 NYS2d 511, 517; Looker, Virtual Representation, 34 Brooklyn L Rev 395, 403, n 31). The great grandchildren have an interest in maximizing the trust principal as the class of *803 persons who in all reasonable likelihood will receive the income from the trust upon the death of their parents, while the nephews’ interest and that of their issue will only become possessory if the said great grandchildren and their parents all die without issue, a degree of remoteness which might well dilute the assiduousness of their scrutiny herein. As this court indicated in Matter of Bingham (supra), virtual representation must be invoked with caution and only where the court is convinced that the representation will be adequate because the finality of the ensuing decree is at risk.
It will, therefore, be necessary to make the infants, great grandchildren of the testatrix, parties to this proceeding.
The final issue presented is whether the nephews may serve as virtual representatives for all of the remaindermen, the issue of testatrix who survive the trust term and who are presently "unborns” and whose interest precedes that of the nephews, as well as the succeeding interest of their own descendants. The statute clearly sanctions the nephews’ representation of their own descendants as presumptive remainder-men. (SCPA 315, subd 2, par [a], cl [i].) Their representation of the unborns is not clear and the issue is rendered academic by virtue of the determination that it will be necessary to join the infant great grandchildren. Since their interest is solely in the trust principal the guardian ad litem to be appointed for them may also represent the class of unborn remaindermen who have the same interest in this proceeding. (Matter of Sunderhauf, supra; Matter of Pinkerson, NYLJ, Dec 18, 1978, p 14, col 6.)