OPINION OF THE COURT
Renee R. Roth, S.
The issue raised in this executor’s accounting is whether testator’s great-grandchildren may be virtually represented (SCPA 315) by their parents, testator’s grandchildren.
As discussed in the cases, the theory underlying virtual representation is similarity of economic interests. It is presumed that the representor in pursuing his own economic interest will necessarily protect the rights of the representees who have the same economic interest. As also discussed in the cases, the nature of the proceeding will often determine whether the economic interests of the representor and the representee are in fact the same. For example, the interest may be the same where the proceeding seeks to probate a will but becomes adverse where the proceeding seeks to settle a trustee’s account.
Testator, Benjamin Levy, died on May 1, 1982 survived by his wife and two adult children. He also left four adult grandchildren and five great-grandchildren, three of whom are infants. His will created a series of trusts. One trust was created for the income benefit of his wife with a general power to her, as donee, to appoint the remainder upon her death. No *371 issue of virtual representation is raised with regard to this trust. For the purpose of this decision the subsequent provisions of the will are simplified as follows.
Testator also established trusts for the income benefit of each of his two children. Upon the death of the children, testator created further subtrusts for his grandchildren. The grandchildren are given a special power to appoint the remainder interests of their subtrusts. If they fail to exercise their special power, the remainder interests of each of the subtrusts are disposed of to their issue. It is with respect to the grandchildren’s subtrusts that the issue of virtual representation is raised.
It is noted at this point, to be discussed later, that the special power given to the grandchildren to appoint the remainder interests of their subtrusts permits them to appoint to their issue (testator’s great-grandchildren). The great-grandchildren are therefore potential appointees under their parent’s special power.
In their petition, the accounting executors contend that the class consisting of testator’s grandchildren should be allowed to virtually represent the class of their issue, testator’s great-grandchildren. The grandchildren are solely interested as income beneficiaries of their subtrusts. The great-grandchildren are solely interested as contingent remaindermen of the same subtrusts contingent only upon their parent’s decision to appoint in favor of others.
This issue is governed by SCPA 315 (2) (a) (ii) which provides that when persons or a class of persons have been made parties to a proceeding, other persons or class of persons need not be made parties or served with process if they (1) are related as issue or otherwise and (2) have the same interest in the outcome of the proceeding as those who have already been made parties.
In this proceeding the great-grandchildren are of course related to the grandchildren who are parties. The remaining issue is whether the grandchildren, as income beneficiaries in this executor’s accounting, have the "same interest” as the great-grandchildren, as remaindermen.
There is little doubt that here the class of income beneficiaries has the same economic interest as the class of remainder-men, since both classes are presently interested in assuring that their subtrusts will be adequately funded. However, the provisions of SCPA 315 present a problem.
*372 Both Surrogate Radigan and Surrogate Sobel, after examining the history of SCPA 315, concluded that the Legislature in enacting this statute, did not intend nor provide that an interest which is solely an income interest can under any circumstances virtually represent an interest which is solely a remainder interest in the same trust.
In Matter of Putignano (82 Misc 2d 389), Surrogate Sobel reached that conclusion based on the study of the doctrine of virtual representation made by the Bennett Commission (Third Report of Temporary State Commn on Estates, Report No. 4.1C, at 284 [1964]) which noted: "It is clear that a present income interest is not the same as and is antagonistic to a future remainder interest”. The decision also notes the series of cases cited by the Commission holding to the same effect (Matter of Blake, 208 Misc 22; In re Childs, 129 NYS2d 830; Matter of Pratt, 188 Misc 170).
The Legislature apparently concurred in that conclusion because in 1973 SCPA 315 was amended (L 1973, ch 70) to include subdivision (4), which expressly provides that in a probate proceeding an income interest in a trust may virtually represent a remainder interest. This amendment would not have been necessary if section 315 had already so provided in all kinds of proceedings.
In 1981, SCPA 315 (1) was amended (L 1981, ch 178) to provide: "For the purposes of this section, the term 'an interest in the estate’ includes both interests in income and interests in principal.” But regarding this amendment, Surrogate Radigan in Matter of Sanders (123 Misc 2d 424, 427) commented: "Do these provisions mean that an income interest can represent a principal interest? Research does not supply any foundation that income interests were included under SCPA 315 (subd 1) to accomplish this. It was obviously done to permit an income interest to represent other income interest which previously lacked statutory authority (see Matter of Putignano, supra).”
The executors have cited two cases to support their contention, Estate of Sunderhauf (NYLJ, Aug. 2, 1978, p 11, col 2) and Estate of Pinkerson (NYLJ, Dec. 18, 1978, p 14, col 6). These cases do hold that in some instances an income interest may represent a remainder interest. However, as noted in both Putignano (supra) and Sanders (supra), although such a provision would be desirable in those instances where the economic interests are the same, to so hold would disregard the history and the provisions of SCPA 315.
*373 Another provision of the SCPA which must be considered is section 2210. This provision, applicable only to accounting proceedings, specifies the parties to whom process must issue in such a proceeding. That section provides that when an executor accounts to a trustee who is a separate and distinct person or entity, the beneficiaries of the trust do not have to be cited since it is presumed that such beneficiaries will be adequately presented by their trustee. But subdivision (10) of section 2210 also expressly provides that where the executor is accounting to himself as trustee, then all the beneficiaries of the trust must be cited. In this case, the two accounting executors are also two of the three trustees designated in the will. As such, they are in effect accounting to themselves since cotrustees, regardless of their number, are regarded in law as a single entity (Matter of Miles, 31 Misc 2d 464). Thus, unless section 315 permits virtual representation, section 2210 requires that all trust beneficiaries be made parties.
Nevertheless, the executor’s contention may be supported by other provisions in the law. As mentioned earlier, the grandchildren under the will are given a special power to appoint the remainder interest of their subtrusts. Although the power is special, the only restriction contained in such power is against appointing to themselves, their estates or their creditors. Since the grandchildren donees are not restricted from appointing to their issue, the great-grandchildren are "potential appointees” under these special powers.
A principle of law holds that when a donee of any kind of power (general or special) is made a party to a proceeding, it is not necessary to serve the potential appointees of the donee. This principle rests on the same basis as the principle stated in SCPA 2210 that where an executor accounts to a trustee who is a separate person or entity then the beneficiaries of the trust do not have to be made parties or cited. In the same way as it is presumed that a trustee will adequately represent his trust beneficiaries, it is also presumed that a donee of a power will adequately represent his potential appointees.
The Bennett Commission on Estates (Third Report of Temporary State Commn on Estates, at 296 [1964]) cited this principle, contained in the Restatement of the Law (1948 Supp), Property § 181 (c), in support of its recommendation that a donee may virtually represent his potential appointees (see, SCPA 315 [2] [b]).
Section 181, in relevant part, provides:
*374 "A person who is alive at [a] commencement of a judicial proceeding is duly represented therein when * * *
"(c) such person is one of the permissible objects of a power of appointment, and the donee of such power is duly joined as a party in such proceeding.”
The explanatory comment in section 181 states: "The rule stated in Clause (c) is based upon a judicial recognition * * * that an object of a power takes because of the exercise of volition by the donee. Where the power is general and where the power is special but exercisable or not at the election of the donee * * * the possibility of an object [potential appointee] taking is so completely within the power of the donee, that it is reasonable to expect that any such object will receive all the protection which his interests merits, through the joinder of the donee”.
Thus, even in the absence of any statutory provision for virtual representation of potential appointees, it was not necessary to join as parties or cite such potential appointees if their donee was made a party. The donee’s representation of his appointees in this instance is actual and not virtual (see, Siegel, Practice Commentary, McKinney’s Cons Laws of NY, Book 58A, SCPA 315, p 383).
In recognition of this principle, the Bennett Commission recommended that such representation be made virtual. Thus, SCPA 315 (2) (b) as originally enacted by the Legislature provided: "Where a party to the proceeding has a power of appointment it shall not be necessary to serve the potential appointees.”
It should be noted that the quoted statute does not distinguish between types of powers. It applies to a person or class of persons who are potential appointees of any kind of power. If the power is general, everyone in the world is a potential appointee. If the power is special, any persons or class of persons, not expressly excluded by the terms of the power, are potential appointees.
The principle previously discussed was not changed by the amendment in 1981 to the above-quoted paragraph (b) (L 1981, ch 178). That amendment added the underlined phrase: "Where a party to the proceeding has a power of appointment it shall not be necessary to serve the potential appointees and if it is a general power * * * it shall not be necessary to serve takers in default of the exercise thereof ”
Although no reason for the amendment was given, it ap *375 pears to have been unnecessary because it states the obvious. If the power is general, then every possible person or entity is a potential appointee. Consequently, all persons named as takers in default of the exercise of the power are necessarily also potential appointees. Therefore, even in the absence of the added provision, such takers in default do not have to be served.
The same principle is also applicable, depending on its terms, to a special power. If under the terms of a special power, the takers in default are also potential appointees they do not have to be served. However, in the case of a special power, it is possible that the takers in default are not also potential appointees. In such a case, they must be served. For example, the terms of the special power may limit the donee to appoint only to his issue and the takers in default may be the donee’s brothers and sisters. Because the latter are not potential appointees of the donee, they must be served.
In the present case, the great-grandchildren of the testator are potential appointees of their parents. These great-grandchildren are also takers in default. Therefore, they do not have to be served, since under SCPA 315 (2) (b) they are adequately represented by their parent donees. As discussed in the above-quoted commentary to Restatement of the Law (1948 Supp), Property § 181, the possibility of any potential appointee taking is so totally under the power of the donee that it is reasonable to expect that the donee, as a party, will adequately protect his potential appointees.
Accordingly, the court concludes that the three infant great-grandchildren named in paragraph 5 of the petition may be represented by their parents (testator’s grandchildren) since the latter are donees of testator’s special power of appointment and the great-grandchildren are potential appointees under the special power.
The court further concludes that in this executor’s accounting proceeding, because the economic interest of both the representors and representees are the same, the representation will be adequate (SCPA 315 [7]).