*425 OPINION OF THE COURT
Eve Preminger, S.
William Ziegler, III (William) and his sister Helen Ziegler Steinkraus (Helen) have joined issue before this and other courts in several proceedings and venues from Maine to Delaware. They disagree over William’s management of a publicly held company, American-Maize Products Company (Maize). Their father, the decedent William Ziegler, Jr., controlled Maize through voting stock he held in a family holding company, GIH. As part of the residuary estate under decedent’s will, the GIH stock was distributed to his wife, to William and Helen and to a trust for each child and his or her issue. William is able to control Maize because his trust ultimately received one more share of stock than Helen’s.
At issue in this proceeding is whether William’s one share advantage is open to challenge by the children of Helen, who contend they were not properly represented in prior court proceedings. They seek to vacate the 1973 decree of this court settling the executor’s final accounting, which they allege is the source of William’s one share advantage. Their contention that they are not bound by this decree requires analysis of two frequent sources of personal jurisdiction in Surrogate’s Court: representation of trust beneficiaries by their trustee and representation of trust beneficiaries through virtual representation.
Decedent’s will divided the residuary estate into two parts. Part A was a marital deduction trust for Mrs. Ziegler. Among its assets was a block of GIH stock which, when added to the shares she owned in her individual capacity, constituted over 60% of the stock of GIH.[1] Part B provides a trust for a daughter from a previous marriage, an outright bequest of 2% each to William and Helen, and leaves the balance, in equal shares, to a trust for William and his issue and a trust for Helen and her issue.
The terms of William’s and Helen’s trusts are identical. The duration of each is measured by that child’s life. Trust income is to be sprinkled, in the discretion of the corporate trustee, to that child and his or her issue then living. Additional principal distributions of 2% of the value of the trust fund were to be made to each child at the ages of 30, 35 and 40. Although both children were over 40 in 1973, none of these principal *426 distributions had been made except for one advance to William.
Upon the death of a child, the trust fund is to pass as he or she appoints under a special power of appointment limited to his or her issue (with further provision upon the failure of such issue). In default of such appointment, the fund passes to the child’s issue, subject to continuing trusts under certain circumstances.
There were four trustees of each trust, the widow and United States Trust Company, who were also the executors, and both children. In 1972, the executors instituted a proceeding for the judicial settlement of their final account. Helen and William were cited as cotrustees of both trusts and in their individual capacities. The executors sought to avoid the appointment of a guardian ad litem for the infant grandchildren interested in both trusts (the children of William and of Helen, the petitioners here). They argued [2] that, in combination, William and Helen could represent all of the infants, either through the virtual representation provisions of SCPA 315, or through the application of the then newly revised provisions of SCPA 2210,[3] which, they maintained, established that the grandchildren were not necessary parties to the executors’ accounting.
The court did not appoint a guardian ad litem and its decree recited that joinder of petitioners was dispensed with on the basis of both statutes: "[B]y virtue of the provisions of Sections 315 and 2210 (1) of the Surrogate’s Court Procedure Act, this Court having duly dispensed with service of process on and the appointment of a guardian ad litem [for the infant children of William Ziegler and Helen Steinkraus].”
As a threshold matter, there is some question whether the *427 one share advantage in William’s trust stems from the 1973 decree and the executor’s distribution of stock thereunder. The distribution that was made pursuant to that decree resulted in Helen’s trust having 91 more shares of stock than William’s (presumably because William had already received 92 shares individually through an advance). For purposes of this proceeding, however, the court accepts petitioners’ argument that even though Helen did not object to the allocation of stock made by the executors, a zealous guardian ad litem for her issue might have. It is possible that the guardian would have argued that since the executors had distributed 92 shares of GIH to William, it was inevitable that the trustees would make an identical distribution to Helen (as they later did) leaving Helen’s trust with the one share disadvantage.
Petitioners claim that they are not bound by the 1973 decree because this court did not acquire jurisdiction over them. They allege that neither joinder of William and Helen as cotrustees under SCPA 2210, nor as representors in their individual capacities under SCPA 315, conferred such jurisdiction.
A determination whether petitioners were necessary parties in the executor’s accounting is governed by SCPA 2210, which specifically enumerates those parties who are to be cited. Ordinarily all persons interested in an estate must be cited, which typically includes all beneficiaries. However, the beneficiaries of bequests in trust such .as petitioners do not normally need to be made parties because they are represented by their trustee. (SCPA 2210 [7].) That trustee actually represents the persons interested in the trust and remains accountable to them on the trustee’s accounting if there is a failure to properly protect their interest.[4] (Lipman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 58A, SCPA 2210, at 20; 3d Report of Temp St Commn on Estates, Exhibit C, 1964 NY Legis Doc No. 19, at 290 [1964].)
SCPA 2210 does provide that where the executor is accounting to himself in the capacity of trustee, the trust beneficiary must be cited unless there is at least one other trustee who is not an accounting executor. (SCPA 2210 [10].) This rule did not require citing petitioners because in the instant case there *428 were two trustees, William and Helen, who were not executors.[5]
Courts have also refused to permit a trustee to represent the persons interested in the trust on an executor’s accounting when the trustee is not considered sufficiently independent of the accounting executor to perform his duty of representing the trust’s interests. This is analogous to the requirement in SCPA 2210 (10) that there be at least one nonaccounting, independent trustee (see, Matter of Froehlich, NYLJ, June 11, 1937, at 2955, col 6). This exception is also inapplicable to the instant case because there is no claim that the trustees here were not sufficiently independent of the accounting executors.
Petitioners contend that there is an additional exception to a trustee’s power to represent a beneficiary. They argue that a trustee’s ability to represent beneficiaries is conditioned on being free of any conflict with them, under standards similar to those standards developed for "adequate” virtual representation under SCPA 315. This is a question of first impression.
Petitioners argue Helen’s representation of them was inadequate and therefore ineffective because of the conflict of interest engendered by her receipt of trust income during the administration of the estate and the 2% principal distribution to her on account of her interest in part B of the residuary estate. As to both these items, Helen’s interest is adverse to petitioners.[6] It is likely that, as presently applied, SCPA 315 would not permit Helen to be a virtual representor.[7]
*429 This does not, however, resolve the question whether Helen can actually represent her children as their trustee. There is no logical or policy reason to prohibit such representation. There are no charges of fraud or lack of good faith on Helen’s part. Petitioners do not even contend that Helen’s conflicting interests tainted her performance in the accounting proceeding. The trustee’s responsibility to the beneficiary is different in scope, duty and concept from that of a virtual representor. Unlike the representor, the trustee is chosen by the testator to perform the fiduciary duty of representing the persons interested in the trust. It is not unusual for some conflict that would bar virtual representation to exist between the trustee and the beneficiary. The testator can and often does choose someone with an individual interest in the estate or trust which is at odds with that of the beneficiary. Most importantly, and also unlike the representor who has no enforceable obligation to the beneficiary/representee, the trustee remains accountable to the beneficiary on its own accounting.
Petitioners have not supplied any policy or precedent to support their argument that the conflict-free virtual representation rules of SCPA 315 should be grafted onto SCPA 2210. They claim, however, that subdivision (14) of SCPA 2210 so mandates. They are incorrect. Subdivision (14) was added to SCPA 2210 as part of the enactment of SCPA 315 in order to provide a statutory basis for virtual representation in the Surrogate’s Court. It is similar to the provisions of CPLR 7703 (and its predecessor section 1311 of the Civil Practice Act), which were applied to virtual representation in inter vivas trust accountings in the Supreme Court. (Note to L 1967, ch 739; Looker, Virtual Representation, op. cit., at 396.) This is clear from an examination of the entire statute which amended the Surrogate’s Court Procedure Act to add SCPA 315. It provided that its provisions "shall apply in any proceeding in which all persons interested in the estate are required to be served with process.” (SCPA 315 [1].) In order to *430 emphasize the availability of virtual representation in particular proceedings, it further provided that virtual representation would lie in four types of proceedings: probate, construction, disposition of real property and accountings. (See, Looker, op. cit., at 401.) This was accomplished by four separate sections directing the addition to SCPA 1403, 1420, 1904 and 2210, respectively, of the language in question in subdivision (14) of SCPA 2210.
Nothing in the language or the history of SCPA 315 supports the inference that this addition was intended to change the existing standards[8] under SCPA 2210 when virtual representation is not involved. Where a trustee represents the persons interested in a trust on an executor’s accounting, this is legal or actual, as distinguished from virtual representation. (4 Simes and Smith, Future Interests § 1811 [2d ed].)
With respect to virtual representation, the possibility of conflict on the part of the representor was of such concern that SCPA 315 (5) contained a specific provision allowing the court to join a party if it believes his representation "is or may be inadequate”. Even though SCPA 2210 was amended in the same legislative session[9] (L 1967, ch 685) no parallel condition was imposed on representation by a trustee.
The basis for this difference in treatment is inherent in the legal responsibility of the trustee to perform the fiduciary’s duty of representing the persons interested in the trust and in the trustee’s accountability on his own accounting if their interests were not protected properly. Neither is true in the case of virtual representation, where the only basis for the representation is self-interest — the likelihood that a person with an identical interest which is prior in right will protect that interest. (Mem of St Commn on Estates, 1967 NY Legis Ann, at 11; see, Restatement of Property §§ 181, 185 [1936].) Since self-interest is the foundation of virtual representation, the identity of interest and freedom from conflict is crucial. It is the only protection afforded the representee, because if the representor defaults or neglects his personal interest he is not liable to the representee. (See, Restatement of Property §§ 181, *431 185.) It is not, however, the protection envisioned or afforded by actual representation by a trustee.
Where there is complete identity between executors and trustees, or the connection between them is analogous to identity, the persons interested in the trust must be cited so that the executors are not in the position of passing on their own account. If, however, the trustees are separate from and independent of the executors, the scrutiny for potential conflict with the beneficiaries which is important under SCPA 315 is generally not required.
There may be instances where the conflict between the trustee and the persons interested in the trust is of such an extraordinary nature as to be the functional equivalent of allowing the executor to account to himself. And an executor may always choose to cite all of the trust beneficiaries rather than postpone their potential objections to the trustee’s accounting (see, Matter of Alexander, 97 Misc 2d 799). But in the present circumstances, the potential conflicts are insufficient to disqualify Helen,[10] as cotrustee, from representing the petitioners as persons interested in her trust on the executors’ accounting, either as a threshold matter or with the benefit of hindsight. Petitioners’ application to vacate the 1973 decree is therefore denied.

. In 1964 she exercised her power under the will to draw down the entire trust fund. Mrs. Ziegler died in 1974.

. Petitioners rely heavily on the analysis in the memorandum of law submitted in 1972 by the executors. That memorandum argued that the requirement of adequate or conflict-free representation in the virtual representation statute (SCPA 315 [5], and its predecessors) applies equally to representation by a trustee in an executor’s accounting. This reasoning was not endorsed by the Surrogate in 1972 and is not persuasive now.

. In 1969, SCPA 2210 (10) was amended to eliminate the language which had incorporated the rule that cotrustees were in law a single person, and to provide that when an executor was a cotrustee it would be sufficient to account to the trustees where there was also a cotrustee who was not an accounting executor. (L 1969, ch 551.) This amendment has little bearing on the issues here, which would be no different if there were no overlaps between executors and trustees.

. The existence of this statute preempts petitioners’ common-law analysis of the proper parameters of a trustee’s power to represent the trust beneficiaries in various circumstances.

. Before the statutory amendment in 1969 this exception controlled when even one cotrustee was also an executor because of the concept that cotrustees were in law one person. (See, Matter of Miles, 31 Misc 2d 464.)

. Petitioners are permissible sprinklees of income and possible appointees under Helen’s special power of appointment and presumptive takers in default of her exercise of this power. Hence, they would have an interest in opposing the distribution of income to Helen and in the correct distribution of her 2% share.

. As potential appointees under Helen’s special power of appointment over her trust, petitioners can be virtually represented by Helen (SCPA 315 [2] [b]), but it is not clear whether such representation is virtual or actual (Matter of Levy, 130 Misc 2d 370) and whether it must also pass the adequacy test. As presumptive takers in default of Helen’s exercise of her power of appointment, there is some question whether Helen should represent petitioners (see, Looker, Virtual Representation, 34 Brook L Rev 395, 405; but see, Matter of Levy, supra; Matter of Golding, NYJL, Oct. 27, 1989, at 30, col 4). The uncertainty whether Helen would be permitted to represent petitioners under SCPA 315 persists with regard to their interests as *429 putative sprinklees of trust income. (See, Matter of Golding, supra.) Where there is uncertainty regarding the adequacy of virtual representation the courts are inclined to disallow it. It is unnecessary to decide in this proceeding whether a collateral attack on the adequacy of virtual representation should focus on the potential for conflict apparent at the time of the threshold determination, or upon the actual conflict demonstrated in the prior proceeding. Where this issue has arisen courts have adopted the latter position. (Matter of Holland, 84 Misc 2d 922, affd on other grounds 50 AD2d 735; Matter of Goldstick, 177 AD2d 225.)

. Under current practice, in reviewing personal jurisdiction in executor’s accountings courts do not reject the citation of the trustee in lieu of all parties interested in a trust because the trustee may have an interest which conflicts with that of a beneficiary.

. To add a provision, since repealed, which embodied the rule that cotrustees were in law a single person.

. There is no need to consider here whether joinder of William, III alone as trustee would suffice.