Maximilian Moss, S.
In this accounting by executors, a construction is sought of articles ‘1 Second ’ ’ and ‘ ‘ Third ’ ’ of the second codicil to the testator’s will to determine whether an “ active” or “ passive ” trust was created thereunder.
By the said “ Second ” article, a fund was directed to be set aside by the executors to pay the income thereof to the testator’s wife during her life. The “Third” article disposes of the fund on the wife’s death in further trust during the minority of a named infant ‘ ‘ or sooner if she marries before she reaches the age of 21 years.”
The essential elements for the creation of a valid trust of personal property are (1) a designated beneficiary; (2) a designated trustee, who must not be the beneficiary; (3) a fund or other property sufficiently designated or identified to enable title thereto to pass to the trustee; and (4) the actual delivery of the fund or other property, or of a legal assignment thereof to the trustee, with the intention of passing legal title thereto to him as trustee (Brown v. Spohr, 180 N. Y. 201, 209). These elements are present in article “ Second ” of the codicil and active duties are imposed on the executors in payment of the income derived from the trust to the widow. The said article, read in conjunction with the following article, indicates that a life interest only was intended with the remainder interest therein vested in the infant named in the article ‘ ‘ Third ’ ’ with possession thereof alone postponed during the infant’s minority or until her marriage. Failure to dispose of income during the infant’s minority does not create invalidity (Personal Property Law, § 16). The articles are construed accordingly.