Edward S. Silver, J.
In this construction proceeding, petitioner seeks a determination that the proceeds of sale of certain real property are presently distributable to the beneficiaries named in the will. Testatrix died on September 13,1954 leaving a will dated October 18, 1941 which was subsequently admitted to probate. She left her surviving two children, Anna, the petitioner herein, and Daniel who died intestate in 1957 survived by a spouse and issue.
Under article third of the will, testatrix devised a specific parcel of improved real property to her trustees in trust ‘ ‘ to furnish my daughter, Anna * * * with one of the apartments in said premises * * * rent free during her lifetime,” and to pay the balance of the net income therefrom in equal shares to Anna and Daniel, with Daniel’s share of the income payable to his issue if he predeceased Anna. Upon the death of Anna it was provided that the realty become part of the residuary estate, which passes in equal shares to Daniel and Anna, with gifts over if either failed to survive testatrix. The will nominated them as coexecutors and trustees, but Daniel renounced his apppointment and Anna has acted in both capacities.
It is alleged that in 1964 Anna vacated the apartment provided her by the will, and that in 1965, because of the continued vacancy of the building and the general deterioration of the surrounding area, the trust realty was sold with the consent of the interested parties. In this proceeding the court must determine whether the proceeds of the sale are distributable outright to the persons interested therein or are to be held in further trust pursuant to the terms of the will. No objection *447 has been raised by any of the interested parties to the petitioner’s proposed outright distribution.
The court initially finds that a valid trust was created by article third of the will ■(Matter of Goldenberg, 27 Misc 2d 425). When, however, the purpose for which a trust is created has been accomplished or has become impossible of accomplishment, or if continuance of the trust is unnecessary to carry out the purpose of the trust, termination may be ordered before the period fixed by the creator (4 Scott, Trusts [3d ed.], § 335). It is evident from the language of the will in question that the primary and dominant purpose of the testatrix was to furnish Anna with an apartment in the family home rent free for life. Once the apartment was vacated by Anna and the property thereafter sold, the necessity for continuance of the trust ceased. Under these circumstances, and bearing in mind the fact that Anna is the trustee, and together with her brother’s estate the only parties interested in the fund, there is no compelling reason why the trust should be continued. Additionally, the administration of such a trust would be economically unsound in view of the limited moneys available for the funding thereof.
In the light of the purpose for which the trust was intended, and the facts and circumstances present herein, the court holds that the trust created by article third of testatrix’ will has terminated and the proceeds realized from the sale of the real property are presently distributable in equal shares to testatrix’ daughter, Anna, and the estate of testatrix’ son, Daniel (cf. Real Property Law, § 109, now EPTL 7-2.2).