| |
|---|
| **Matter of Ira Yohalem Irrevocable Trust** |
| 2024 NY Slip Op 32231(U) |
| July 2, 2024 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2018-2682/C |
| Judge: Hilary Gingold |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

New York County Surrogate's Court
DATA ENTRY DEPT.
JUL 0 2 2024

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------------X
In the Matter of the Termination of The Ira Yohalem
Irrevocable Trust a/k/a The Ira Yohalem Insurance Trust Two
Pursuant to EPTL Section 7-1.19

DECISION

File No. 2018-2682/C

-------------------------------------------------------------------------------X

G I N G O L D, S.

In this uncontested proceeding, petitioner, a co-trustee of The Ira Yohalem Irrevocable Trust a/k/a The Ira Yohalem Insurance Trust Two, dated June 24, 2002 (Trust), seeks 1) to terminate the Trust as uneconomical pursuant to EPTL 7-1.19, 2) to distribute a portion of the principal to one of two presumptive remainder beneficiaries and the remaining assets of the Trust to the income beneficiary, and 3) to dispense with the appointment of a guardian ad litem for unborn issue by means of virtual representation pursuant to SCPA 315. The settlor of the Trust is deceased. He was survived by his wife, who is the other co-trustee, two adult children, and two grandchildren, one of whom is a minor. The value of the Trust is approximately $930,000.

Upon the settlor's death, Section 3 of the Trust allocates a portion of the trust estate to a marital trust and the remaining trust assets to a residuary trust. The terms of both the marital and residuary trusts are the same: Settlor's wife receives the net income in set installments for life. Upon her request she also receives a portion of the principal, provided such withdrawals do not exceed five percent (5%) of the total value of the principal for the respective calendar year. At such request, the trustee must pay to the wife so much of the principal as they deem necessary for her maintenance, support, and health. Upon the wife's death, any remaining balance of the Trust is to be paid outright in equal shares to the settlor's two children. If either child predeceases the wife, any balance is to be paid outright in equal shares among the surviving child and the then living descendants of such predeceased child.

The threshold issue for the court is whether virtual representation is permissible here. Virtual representation pursuant to SCPA 315 is applied where there is 1) similarity of economic interest between the representor and representee, 2) no conflict of interest, and 3) adequacy of representation (*Matter of Carpenter (Owen)*, 37 Misc 3d 782, 785 [Sur Ct, Nassau County 2012]). Settlor was survived by a son and a daughter, the presumptive remainder beneficiaries. His son has no children, and his daughter is the parent of both grandchildren, the contingent remainder beneficiaries. The petition alleges that the grandchildren are virtually represented by their mother, and that the interests of any unborn issue are virtually represented by both of the settlor's children. Upon review of the Trust and other documents, the court finds that pursuant to SCPA 315(3) and SCPA 315(2)(a)(iii), respectively, the interests of the grandchildren and unborn issue are genuinely represented in this proceeding and the request for virtual representation is granted.

As to the remaining relief, early termination of a trust on the grounds of economic unfeasibility is permitted under EPTL 7-1.19(a)(2) if a court finds that 1) continuation of the trust is economically impracticable, 2) the express terms of the trust do not prohibit its early termination, 3) early termination would not defeat the specified purpose of the trust, and 4) such termination serves the best interests of the beneficiaries. A petitioner must prove each of the four factors to prevail (*Matter of Aguilar*, NYLJ, Oct. 17, 2023 at 37, col 4 [Sur Ct, Ulster County 2023]). Failure to do so will result in early termination being denied, despite having consents from all interested parties (*Matter of Keriotis*, 22 Misc 3d 1121[A], 2009 NY Slip Op 50212[U], *2 [Sur Ct, Kings County 2009]).

The continued administration of a trust has been found to be economically impracticable in relation to EPTL 7-1.19 when its annual administration expenses either approach or exceed the trust's annual income or when the trust funds are insufficient to generate meaningful income to an

2

[* 2]

income beneficiary (*see Matter of Aguilar* at 37; *see also Matter of Frank*, NYLJ, Aug. 12, 2013 at 18, col 4 [Sur Ct, NY County 2013]; *Matter of Kistner*, NYLJ, Jan. 23, 2006 at 14, col 1 [Sur Ct, Suffolk County 2006]). Therefore, early termination has most often been permitted for modest-sized trusts (*see Matter of Bouchter*, NYLJ , Apr. 3, 2009 at 40, col 3 [Sur Ct, Bronx County 2009] terminating a trust valued at $24,000; *see also Matter of Miller*, 847 NYS2d 903 [2007] terminating a trust valued at $71,000). In contrast, such applications have been denied where trust assets are not deemed so minimal (*Matter of Dauman*, 12 Misc 3d 1173[A], 2006 NY Slip Op 51162[U] [Sur Ct, Nassau County 2006] denying termination for a trust valued at $300,000).

Here, the petitioner has not sufficiently demonstrated that the continued expense of administering the Trust would be uneconomical. The Trust's funds, valued at $930,000, are not minimal. No calculations have been offered to show the Trust's annual income or the expenses of its administration, much less how such expenses are so great as to render insufficient income payments to the wife as the lifetime income beneficiary. Indeed, petitioner's contention that the Trust is uneconomical is based solely upon the challenges to the Trust's administration arising from alleged ongoing disputes amongst family members. Although the court does not question the legitimacy of the family's relational circumstances, this basis simply does not satisfy the statutory requirement.

Although early termination is not expressly prohibited by the terms of the Trust, it appears such termination would contravene the Trust's specified purpose of providing for the wife for her lifetime. Courts have found that where, as here, a trust's language limits a trustee's power to invade principal for a lifetime income beneficiary to a "support and comfort standard," as opposed to granting a trustee unlimited discretion to invade same, the limitation demonstrates the settlor's

3

concern with keeping funds available for such beneficiary. (*Dauman*, 2006 NY Slip Op 51162[U], *3.)

Petitioner's proposed redistribution upon the Trust's early termination would give a lump sum outright to one of the settlor's two children, and the remaining funds outright to his wife. This is a significant departure of the Trust's specified purpose as the responsibility of maintaining available funds for the lifetime of the income beneficiary would not be preserved. That the settlor's children would not receive any distributions outright until after the wife's death, should any balance remain, is a situation clearly contemplated in the Trust's terms. "Such an intent should be respected by the court, even where all the interested parties are willing to ignore it" (*Matter of Zara*, 2014 NY Slip Op 30854[U], *2-3 [Sur Ct, New York County 2014]). The court may not order early termination where the purpose for which a trust is created has not been accomplished, or has not become impossible of accomplishment, or if continuance of the trust is necessary to carry out its purpose (*Matter of Frank*, 57 Misc 2d 446, 447 [Sur Ct, Kings County 1968]).

Lastly, petitioner's argument that early termination of the Trust is in the best interests of all beneficiaries is unconvincing. As stated above, the instrument's primary purpose is for the wife to have funds available for her well-being until her death. The petition acknowledges all funds could be spent during her lifetime, leaving nothing for the children or potentially, the grandchildren to inherit. But the Trust's terms do not negate this possibility. Moreover, the settlor provided for his children and grandchildren via independent estate planning measures. This court finds that the proposed redistributions compromise the protections established for the wife in the Trust.

For all the foregoing reasons, this petition is denied.

4

The Clerk of the Court shall mail a copy of this decision, which constitutes the order of the court, to counsel for petitioner at the email address appearing below.

Dated: July 2nd, 2024

_____
SURROGATE

To:

Bond, Schoeneck, & King
By: Jennifer M. Boll, Esq.
*Attorneys for Petitioner*
jboll@bsk.com

[* 5]